IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:16-cv-01183-TC |
| Plaintiffs, | ) ) | <u>CLASS ACTION</u> |
| | ) | Judge Tena Campbell |
| vs. | ) ) | Magistrate Judge Dustin B. Pead |
| 1-800 CONTACTS, INC., et al., | ) ) | ORDER PRELIMINARILY APPROVING |
| Defendants. | ) ) | THE SETTLEMENT AGREEMENT, CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS |

1310596_1

WHEREAS, the action is pending before this Court;

WHEREAS, plaintiffs have entered into and executed the Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") with defendants Arlington Contact Lens Service, Inc., and National Vision, Inc., (collectively, "NVI/AC" or "Settling Defendants") which, if finally approved by the Court, will result in the settlement of all claims against NVI/AC;

WHEREAS, in full and final settlement of the claims asserted against them in this action, Settling Defendants have agreed to pay $7,000,000 (the "Settlement Amount"), and to provide cooperation as set forth in the Settlement Agreement;

WHEREAS, plaintiffs, having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement of the action against Settling Defendants and for dismissal of the action against Settling Defendants;

WHEREAS, plaintiffs have sought, and Settling Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, plaintiffs have requested that Robbins Geller Rudman & Dowd LLP and Boies Schiller Flexner LLP ("Interim Class Counsel") be appointed as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, plaintiffs J Thompson, Iysha Abed, Daniel J. Bartolucci, Alexa Bean, William P. Duncanson, Tyler Nance, Leia Pinto, Jill Schulson, and Edward Ungvarsky ("plaintiffs") have requested that they be appointed class representatives of the Settlement Class; and

WHEREAS the Court has read and considered the Settlement Agreement and the exhibits annexed thereto and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

All terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. The Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Settlement Hearing described below. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Preliminary Approval Order.

## II. PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a Settlement Class defined as follows:

> [A]ll persons in the United States who made at least one online purchase of contact lenses from 1-800 Contacts, Inc., Arlington Contact Lens Service, Inc., or National Vision, Inc. from March 10, 2010 through September 19, 2017, who do not timely exclude themselves from the Class. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged co-conspirators, government entities and instrumentalities of government, states and their subdivisions, agencies and instrumentalities.

3. Solely for purposes of the Settlement, the Court preliminarily finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all

members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and these common questions predominate over any individual questions; (c) the claims of class plaintiffs are typical of the claims of the Settlement Class; (d) plaintiffs and Interim Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this action as a class action.

4. If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition that affects the Settlement Agreement, this preliminary certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

### III. CLASS COUNSEL AND CLASS REPRESENTATIVES

5. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Interim Class Counsel are preliminarily appointed, solely for settlement purposes, as Class Counsel for the Settlement Class.

- 4 -

6. Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

## IV. PLAN OF DISTRIBUTION, NOTICE, AND SETTLEMENT HEARING

7. At a later date after plaintiffs receive the names and addresses of members of the Settlement Class, Class Counsel shall submit for the Court's approval a proposed Plan of Distribution of the Settlement Fund (and including all interest and income earned thereon after being transferred to the Escrow Account).

8. At a later date after plaintiffs receive the names and addresses of members of the Settlement Class, Class Counsel shall submit for the Court's approval a notice plan and proposed form of notice for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Settlement Hearing to be scheduled by the Court, and of their right to appear at the Settlement Hearing.

## V. OTHER PROVISIONS

9. The notice requirements of the Class Action Fairness Act, 28 U.S.C. §1715, have been met.

10. The Court authorizes Interim Class Counsel to select and retain a Claims Administrator to fulfill the duties and responsibilities set forth in the Settlement Agreement.

11. The Court approves Plaintiffs' designation of Robbins Geller Rudman & Dowd LLP as Escrow Agent. Absent further order of the Court, Robbins Geller Rudman & Dowd LLP shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

12. The Court approves the establishment of an Escrow Account under the Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code §468B, 26 U.S.C. §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSF. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

13. In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and the Settlement Agreement (including any amendment(s) thereto) and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any of the Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of the Settlement Agreement, ¶¶5.1, 9.3, 10.3, 10.5, and 11.3 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force. Any portion of the Settlement Amount previously deposited into the Escrow Account by the Settling Defendants shall be returned to the Settling Defendants within thirty (30) days after written notification of such event is sent by counsel for Settling Defendants or Class Counsel to the Escrow Agent, except for up to $100,000 of sums actually paid from the Settlement Fund for the reasonable costs of Notice.

14. Settling Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action. As such, neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlement Agreement shall be construed to constitute a presumption, concession or admission by any Settling Defendant of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

15. All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

16. Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Class who does not enter an appearance will be represented by Class Counsel.

IT IS SO ORDERED.

DATED: November 8, 2017

*Tena Campbell*
THE HONORABLE TENA CAMPBELL
UNITED STATES DISTRICT JUDGE