Brent O. Hatch (Bar No. 5715)
Shaunda L. McNeill (Bar No. 14468)
**HATCH, JAMES & DODGE, PC**
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Tel:   (801) 363-6363
Fax:   (801) 363-6666
bhatch@hjdlaw.com
smcneill@hjdlaw.com

Robert S. Clark (Bar No. 4015)
Sara M. Nielson (Bar No. 13824)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Tel:   (801) 532-7840
Fax:   (801) 532-7750
rclark@parrbrown.com
snielson@parrbrown.com

Rohit K. Singla (*admitted pro hac vice*)
Justin P. Raphael (*admitted pro hac vice*)
Ashley D. Kaplan (*admitted pro hac vice*)
**MUNGER TOLLES & OLSON**
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:   (415) 512-4000
Fax:   (415) 512-4077
rohit.singla@mto.com
justin.raphael@mto.com
ashley.kaplan@mto.com

*Attorneys for Defendant 1-800 Contacts, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>1-800 CONTACTS, INC., et al.,<br><br>Defendants. | **DEFENDANT 1-800 CONTACTS' ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Case No: 2:16-cv-01183-TC<br><br>Judge: Hon. Tena Campbell<br><br>Magistrate Judge:  Hon. Dustin Pead |

Defendant 1-800 Contacts, Inc. ("1-800 Contacts"), by and through its attorneys, hereby submits its Answer in response to Plaintiffs' Consolidated Amended Complaint.

1. 1-800 Contacts admits that Plaintiffs purport to be proposed Class representatives of a nationwide class of consumers and that Plaintiffs purport to seek relief from Defendants for violations of federal antitrust law. 1-800 Contacts denies that it violated the federal antitrust laws or suppressed competition in any relevant antitrust market and denies that this is a proper class action. 1-800 Contacts otherwise lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and on that basis denies them.

2. 1-800 Contacts admits that it entered into settlement agreements with other online sellers of contact lenses to resolve *bona fide* trademark litigation filed by 1-800 Contacts against other online sellers of contact lenses who were using 1-800 Contacts' trademarks in commerce (and, in one instance, a broader sourcing and services agreement). 1-800 Contacts further admits that it currently has more U.S. online sales of contact lenses than any other single retailer. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of paragraph 2 and on that basis denies them. 1-800 Contacts denies the rest of the allegations in paragraph 2.

3. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 3 and on that basis denies them.

4. 1-800 Contacts admits the allegations in the first sentence of paragraph 4. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 4 and on that basis denies them.

5. 1-800 Contacts denies the allegations in paragraph 5.

6. 1-800 Contacts admits that search engines use "keywords" in determining whether an internet user will see a particular advertisement in response to a specific search. The remaining allegations purport to quote and characterize a document, which speaks for itself. 1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 6.

7. 1-800 Contacts admits that some search engines allow a prospective advertiser to specify "negative keywords." The remaining allegations purport to quote and characterize a document, which speaks for itself. 1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 7.

8. 1-800 Contacts admits that the process by which some search engine companies currently sell certain types of advertising on their search engine results page includes variants of certain auction elements. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8 and on that basis denies them.

9. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9 and on that basis denies them.

10. 1-800 Contacts admits that it has entered into bilateral settlement agreements of *bona fide* trademark litigation (and, in one instance, a broader sourcing and services agreement) that prevent each party from engaging in certain unauthorized uses of the other's specified trademark terms as keywords for Internet search advertising. 1-800 Contacts otherwise denies the allegations in paragraph 10.

11.     1-800 Contacts admits that it has entered into settlement agreements of *bona fide* trademark litigation (and, in one instance, a broader sourcing and services agreement) that contain terms requiring the use of "negative keywords."  1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence of paragraph 11 and on that basis denies them.  1-800 Contacts otherwise denies the allegations of in paragraph 11.

12.     1-800 Contacts admits that between 2004 and 2013 it entered into settlement agreements of *bona fide* trademark litigation (and, in one instance, a broader sourcing and services agreement) that prevent each party from engaging in certain unauthorized uses of the other's specified trademark terms as keywords for Internet search advertising.  1-800 Contacts further admits that these settlement agreements included non-disclosure provisions.  1-800 Contacts denies the remaining allegations in paragraph 12.

13.     1-800 Contacts denies the allegations in paragraph 13.

14.     1-800 Contacts admits that Plaintiffs purport to allege a violation of §1 of the Sherman Antitrust Act and seek damages and injunctive relief.  1-800 Contacts denies that Plaintiffs have any factual or legal basis for the alleged claims or are entitled to any relief whatsoever, and otherwise denies the allegations in paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no answer is required.  To the extent an answer is required, 1-800 Contacts admits that this Court has subject-matter jurisdiction over this action.

16.     Paragraph 16 contains legal conclusions to which no answer is required.  To the extent an answer is required, 1-800 Contacts admits that it has transacted business throughout the

United States, including in this District; admits that it has sold contact lenses throughout the United States, including in this District; and admits that it has substantial contacts with the United States, including in this District. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16 regarding Defendants other than 1-800 Contacts and on that basis denies them. 1-800 Contacts denies any remaining allegations in paragraph 16.

17. Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 17.

18. 1-800 Contacts admits that venue is proper in this District. 1-800 Contacts denies the remaining allegations in paragraph 18.

19. 1-800 Contacts admits that an individual named J. Thompson with an address listed in San Diego, California purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 19 and on that basis denies them.

20. 1-800 Contacts admits that an individual named Iysha Abed with an address listed in New Jersey purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 20 and on that basis denies them.

21. 1-800 Contacts admits that an individual named Daniel J. Bartolucci with an address listed in Washington, D.C. purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period. 1-800 Contacts lacks knowledge or information

sufficient to form a belief as to the remaining allegations in paragraph 21 and on that basis denies them.

22.	1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 and on that basis denies them.

23.	1-800 Contacts admits that an individual named William Duncanson with an address listed in San Francisco, California purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period.  1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23 and on that basis denies them.

24.	1-800 Contacts admits that an individual named Tyler Nance with an address listed in Little Rock, Arkansas purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period.  1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 24 and on that basis denies them.

25.	1-800 Contacts admits that an individual named Leia Pinto with an address listed in Modesto, California purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period.  1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 25 and on that basis denies them.

26.	1-800 Contacts admits that an individual named Jill Schulson with an address listed in Philadelphia, Pennsylvania purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period.  1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 26 and on that basis denies them.

27. 1-800 Contacts admits that an individual named Edward Ungvarsky with an address listed in Washington, DC purchased contact lenses from 1-800 Contacts through its website during the proposed Class Period. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 27 and on that basis denies them.

28. 1-800 Contacts admits the allegations in paragraph 28.

29. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29 and on that basis denies them.

30. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 30 and on that basis denies them.

31. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 and on that basis denies them.

32. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 32 and on that basis denies them.

33. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33 and on that basis denies them.

34. 1-800 Contacts admits that Plaintiffs purport to bring a claim under § 1 of the Sherman Act. 1-800 Contacts denies the remaining allegations in paragraph 34.

35. 1-800 Contacts denies the allegations in paragraph 35.

36. Paragraph 36 contains legal conclusions to which no answer is required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 36.

37. 1-800 Contacts denies the allegations in paragraph 37.

38. 1-800 Contacts admits the allegations in paragraph 38 to the extent they pertain to 1-800 Contacts. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 38 regarding Defendants other than 1-800 Contacts and on that basis denies them.

39. 1-800 Contacts denies the allegations in paragraph 39.

40. 1-800 Contacts denies the allegations in paragraph 40.

41. 1-800 Contacts denies the allegations in paragraph 41.

42. 1-800 Contacts denies the allegations in paragraph 42.

43. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43 and on that basis denies them.

44. 1-800 Contacts denies the allegations in paragraph 44.

45. 1-800 Contacts denies the allegations in paragraph 45.

46. Paragraph 46 contains a legal conclusion to which no answer is required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 46.

47. 1-800 Contacts admits the allegations in paragraph 47 to the extent they pertain to 1-800 Contacts. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 regarding online retailers other than 1-800 Contacts and on that basis denies them.

48. Paragraph 48 contains legal conclusions to which an answer is not required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 48.

49. 1-800 Contacts admits that it currently has more U.S. online sales of contact lenses than any other single retailer. 1-800 Contacts lacks knowledge or information sufficient

to form a belief as to the allegations in the second and third sentences of paragraph 49 and on that basis denies them. 1-800 Contacts denies the remaining allegations in paragraph 49.

50. 1-800 Contacts admits that sales of contact lenses through the Internet have increased since 2000. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in the second and third sentences of paragraph 50 and on that basis denies them. 1-800 Contacts denies the remaining allegations in paragraph 50.

51. 1-800 Contacts denies the allegations in paragraph 51.

52. 1-800 Contacts admits that it has entered into bilateral settlement agreements of *bona fide* trademark litigation (and, in one instance, a broader sourcing and services agreement) that prevent each party from engaging in certain unauthorized uses of the other's specified trademark terms as keywords for Internet search advertising. 1-800 Contacts denies the remaining allegations of paragraph 52.

53. 1-800 Contacts admits the allegations in paragraph 53.

54. 1-800 Contacts admits that it was an early entrant in the online retail sale of contact lenses. 1-800 Contacts denies the remaining allegations in paragraph 54.

55. 1-800 Contacts denies the allegations in paragraph 55.

56. 1-800 Contacts admits that it entered into agreements with the companies listed in paragraph 56 between June 2004 and 2013. 1-800 Contacts denies the remaining allegations in paragraph 56.

57. 1-800 Contacts admits that it entered into a sourcing and services agreement with Luxottica in December 2013, which contained provisions preventing each party from engaging

in certain unauthorized uses of the other's specified trademark terms as keywords for Internet search advertising. 1-800 Contacts denies the remaining allegations in paragraph 57.

58. 1-800 Contacts admits that it has entered into settlement agreements of *bona fide* trademark litigation (and, in one instance, a broader sourcing and services agreement) that prevent each party from engaging in certain unauthorized uses of the other's specified trademark terms as keywords for Internet search advertising and that contained terms requiring the use of "negative keywords." 1-800 Contacts denies the remaining allegations in paragraph 58.

59. 1-800 Contacts denies the allegations in paragraph 59.

60. Paragraph 60 purports to characterize and summarize portions of one or more documents, which speak for themselves. 1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies the remaining allegations in paragraph 60.

61. 1-800 Contacts admits that it entered into a settlement agreement of *bona fide* trademark litigation with Vision Direct on June 24, 2004. The remaining allegations in paragraph 61 purport to characterize and quote portions of that settlement agreement, which speaks for itself. 1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 61.

62. 1-800 Contacts lacks knowledge or information sufficient to form a belief as to the allegations in sentence 1 of paragraph 62 and on that basis denies them. The remaining allegations in paragraph 62 purports to characterize and quote a document, which speaks for itself. 1-800 Contacts denies the characterization of that document contained in paragraph 62.

1-800 Contacts refers to that document for a true and complete statement of its contents and denies the remaining allegations in paragraph 62.

63.     1-800 Contacts admits that it entered into a second agreement to settle *bona fide* trademark litigation with Vision Direct in 2009. 1-800 Contacts further admits that that agreement contained terms requiring the use of "negative keywords."

64.     Paragraph 64 purports to characterize and quote the 2009 Vision Direct agreement, which speaks for itself. 1-800 Contacts denies the characterization of the agreement. 1-800 Contacts refers to that document for a true and complete statement of its contents and denies the remaining allegations in paragraph 64.

65.     1-800 Contacts admits the allegations in paragraph 65.

66.     1-800 Contacts denies the first sentence of paragraph 66. The remaining allegations purport to quote the 2004 Vision Direct agreement, which speaks for itself. 1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies the remaining allegations in paragraph 66.

67.     1-800 Contacts admits the allegations in paragraph 67.

68.     1-800 Contacts admits that it entered into a settlement agreement of *bona fide* trademark litigation with Walgreens on June 29, 2010. The remaining allegations in paragraph 68 purport to summarize, characterize, and quote portions of that settlement agreement, which speaks for itself. 1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 68.

69.     Paragraph 69 purports summarize and quote portions of the 1-800 Contacts settlement agreement and Walgreens, which speaks for itself. 1-800 Contacts refers to that

document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 69.

70.     1-800 Contacts admits that it entered into a settlement agreement of *bona fide* trademark litigation with AC Lens on March 10, 2010.  The remaining allegations in paragraph 70 purport to summarize, characterize, and quote portions of that settlement agreement, which speaks for itself.  1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 70.

71.     1-800 Contacts admits the first sentence of paragraph 71.  The remaining allegations in paragraph 71 purport to summarize and quote portions of that settlement agreement, which speaks for itself.  1-800 Contacts refers to that document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 71.

72.     1-800 Contacts admits that it entered into a sourcing and services agreement with Luxottica in 2013, which contained provisions preventing each party from engaging in certain unauthorized uses of the other's specified trademark terms as keywords for Internet search advertising.  1-800 Contacts denies the remaining allegations in paragraph 72.

73.     1-800 Contacts denies the allegations in paragraph 73.

74.     Paragraph 74 contains legal conclusions to which no answer is required.  To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 74.

75.     Paragraph 75 contains legal conclusions to which no answer is required.  To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 75.

76. Paragraph 76 contains legal conclusions to which no answer is required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 76.

77. 1-800 Contacts admits that Plaintiffs purport to bring a class action as alleged in paragraph 77. 1-800 Contacts denies that Plaintiffs have any factual or legal basis for bringing the asserted claims or obtaining any relief from 1-800 Contacts, either alone or on behalf of a putative class, and denies that this is a proper class action. 1-800 Contacts denies the remaining allegations in paragraph 77.

78. Paragraph 78, including subparts (1)-(7), sets forth Plaintiffs' proposed class definition, class allegations, and legal conclusions to which no answer is required. 1-800 Contacts denies that Plaintiffs have any factual or legal basis for bringing the asserted claims or obtaining any relief from 1-800 Contacts, either alone or on behalf of a putative class, and denies that this is a proper class action. 1-800 Contacts denies the remaining allegations in paragraph 78.

79. Paragraph 79 contains legal conclusions to which no answer is required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 79.

80. 1-800 denies the allegations in paragraph 80.

81. 1-800 Contacts admits that on August 8, 2016, the Federal Trade Commission filed an administrative action against 1-800 Contacts. 1-800 Contacts further admits that the FTC's Complaint redacted the names of other online sellers of contact lenses, with whom 1-800 Contacts entered into settlement agreements. The remaining allegations purport to summarize and characterize the FTC administrative complaint, which speaks for itself. 1-800 Contacts

refers to that document for a true and complete statement of its contents and otherwise denies any remaining allegations in paragraph 81.

82. Paragraph 82 contains legal conclusions to which no answer is required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 82.

83. Paragraph 83 contains legal conclusions to which no answer is required. To the extent an answer is required, 1-800 Contacts denies the allegations in paragraph 83.

84. 1-800 Contacts repeats and reasserts all of the responses to paragraphs 1 through 83 of the Consolidated Amended Complaint set forth above as if fully set forth herein.

85. 1-800 Contacts denies the allegations in paragraph 85.

86. 1-800 Contacts denies the allegations in paragraph 86.

87. 1-800 Contacts denies the allegations in paragraph 87.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, 1-800 Contacts asserts the following separate and additional affirmative defenses, all of which are pleaded in the alternative:

### First Affirmative Defense

The Consolidated Amended Complaint fails to state a claim against 1-800 Contacts upon which relief can be granted.

### Second Affirmative Defense

The claims purportedly set forth in the Consolidated Amended Complaint are barred, in whole or in part, because the settlement agreements described in the Consolidated Amended Complaint are not subject to antitrust scrutiny or liability.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

### Fourth Affirmative Defense

To the extent the antitrust laws apply here, the legality of the settlement agreements (and the sourcing and services agreement) described in the Consolidated Amended Complaint is governed by the rule of reason.  Under the rule of reason, those agreements are lawful, including because their procompetitive benefits outweigh any alleged anticompetitive effect.

### Fifth Affirmative Defense

Plaintiffs' claims are barred because 1-800 Contacts' actions were taken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring or maintain this action, including without limitation antitrust standing and all other relevant standing.  Plaintiffs also lack standing to bring their claims because the putative class members that Plaintiffs purport to represent have not suffered antitrust injury or injury in fact.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct of 1-800 Contacts and/or have not suffered, and will not suffer, injury of the type that the relevant statutes were designed to prevent.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, for failure to comply with the pleading requirements of Rule 8 and 9(b) of the Federal Rules of Civil Procedure.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not properly alleged either a relevant product market or a relevant geographic market and the relevant markets that they have alleged do not exist.

### Tenth Affirmative Defense

1-800 Contacts has never had, and is not likely to obtain, monopoly or market power in any properly defined relevant antitrust market involving the sale of contact lenses.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the settlements (and the sourcing and services agreement) described in the Consolidated Amended Complaint did not substantially lessen or harm competition in any properly defined market.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because none of 1-800 Contacts' alleged actions have harmed consumers.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the settlements (and the sourcing and services agreement) described in the Consolidated Amended Complaint were lawful under all applicable laws, statutes, ordinances, and decrees.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative, and because of the impossibility of the ascertainment and allocate of those alleged damages.

### Fifteenth Affirmative Defense

Plaintiffs are barred from recovery of any damages because of and to the extent of their failure to mitigate, minimize, or avoid any such damages.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because this action is not properly certifiable or maintainable as a class action.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs would be unjustly enriched if allowed to recover any relief claimed to be due.

### Eighteenth Affirmative Defense

Plaintiffs have an adequate remedy at law and no factual or legal basis for the grant of equitable relief.

### RESERVATIONS OF DEFENSES AND AFFIRMATIVE DEFENSES

1-800 Contacts reserves the right to assert and rely on any additional defenses and affirmative defenses that may come available or apparent, and to amend its Answer and/or defenses. 1-800 Contacts adopts by reference any applicable affirmative defense not expressly set forth herein that is pleaded by any other Defendant in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, 1-800 Contacts prays that judgment be entered dismissing the Consolidated Amended Complaint with prejudice, together with costs, fees, and other such relief as may be just and proper.

DATED:  July 27, 2018  MUNGER, TOLLES & OLSON LLP

By: *Justin P. Raphael*
JUSTIN P. RAPHAEL


Rohit K. Singla (admitted *pro hac vice*)
Justin P. Raphael (admitted *pro hac vice*)
Ashley D. Kaplan (admitted *pro hac vice*)
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel:  (415) 512-4000
Fax:  (415) 512-4077
rohit.singla@mto.com
justin.raphael@mto.com
ashley.kaplan@mto.com

Brent O. Hatch (Bar No. 5715)
Shaunda L. McNeill (Bar No. 14468)
HATCH, JAMES & DODGE, PC
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Tel:  (801) 363-6363
Fax:  (801) 363-6666
bhatch@hjdlaw.com
smcneill@hjdlaw.com

Robert S. Clark (Bar No. 4015)
Sara M. Nielson (Bar No. 13824)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Tel:  (801) 532-7840
Fax:  (801) 532-7750
rclark@parrbrown.com
snielson@parrbrown.com

*Attorneys for Defendant 1-800 Contacts, Inc.*