# Exhibit A

*[Counsel Listed on Signature Pages]*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| Plaintiffs, | Case No.: 2:16-cv-01183-TC |
| vs. | Judge: Hon. Tena Campbell |
| 1-800 CONTACTS, INC., et al., | Magistrate Judge:  Hon. Dustin Pead |
| Defendants. | |

---

1. <u>Scope of Protection</u>

This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Protective Order shall also apply to Protected Information (as defined below) as well as any copies, excerpts, summaries, compilations, or any other materials that contain and/or reference information produced in this action that has been designated as Protected Information pursuant to this Protective Order but only insofar as those copies, excerpts, summaries, compilations, or any other materials disclose the substance of any Protected Information.

This Protective Order shall apply to the parties and to any third party from whom discovery may be sought who desires the protection of this Protective Order.

Third parties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

This Protective Order constitutes a Qualified Protective Order under 45 C.F.R. 164.512(e).

2.   <u>Definitions</u>

(a)   The term **PROTECTED INFORMATION** shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b)   The term **CONFIDENTIAL – ATTORNEYS EYES ONLY** shall mean PROTECTED INFORMATION that is so designated by the producing party.  The designation CONFIDENTIAL – ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION: (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors, vendors, partners, and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.

(c)   The term **CONFIDENTIAL** shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" information, including "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated

2

pursuant to the Health Insurance Portability and Accountability Act, as well as information that identifies an individual in any manner and relates to the past, present, or future care, services, or suppliers regarding the physical or mental health condition of such individual, the provision of health care to such individual, or the payment for the provision of health care to such individual. Protected Health Information shall include Confidential Health Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber.  Confidential Health Information includes claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

      i.   names;

     ii.   all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    iii.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    iv.   telephone numbers;

     v.   fax numbers;

    vi.   electronic mail addresses;

   vii.   social security numbers;

  viii.   medical record numbers;

    ix.   health plan beneficiary numbers;

     x.   account numbers;

xi.   certificate/license numbers;

xii.   vehicle identifiers and serial numbers, including license plate numbers;

xiii.   device identifiers and serial numbers;

xiv.   web universal resource locators ("URLs");

xv.   internet protocol ("IP") address numbers;

xvi.   biometric identifiers, including finger and voice prints;

xvii.   full face photographic images and any comparable images;  and/or      any other unique identifying number, characteristic, or code.

(d)   The term **TECHNICAL ADVISOR** shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including information that has been designated as CONFIDENTIAL – ATTORNEYS EYES ONLY and CONFIDENTIAL.   Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3.   <u>Disclosure Agreements</u>

(a)   Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A.   Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be maintained by the party that engages the TECHNICAL ADVISOR.

(b)   Before any PROTECTED INFORMATION is disclosed to any TECHNICAL ADVISOR that is or has ever been employed by any entity that is engaged in the manufacture, distribution, sale, or marketing of contact lenses, the following information must be provided in writing to all parties and received no less than five (5) business days before the intended date of disclosure to that TECHNICAL ADVISOR: the identity of that TECHNICAL

ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR.  If the producing party objects to disclosure of PROTECTED INFORMATION to such TECHNICAL ADVISOR, the producing party shall within five (5) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to such TECHNICAL ADVISOR.  As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking to prevent disclosure of the PROTECTED INFORMATION to the TECHNICAL ADVISOR shall move within five (5) business days after impasse is reached for an Order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, disclosure to such TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made except by Order of the Court.

(c)     Any disclosure agreement executed by any Technical Advisor covered by the previous paragraph and affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

(c)     No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness on issues unrelated to the TECHNICAL ADVISOR's work as a TECHNICAL ADVISOR provided that the party such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or

facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement, any work performed pursuant to the engagement or any issue that is the subject of expert testimony. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony from that TECHNICAL ADVISOR.

4.     Designation of Information

(a)     Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

**CONFIDENTIAL**

(b)     Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

**CONFIDENTIAL – ATTORNEYS EYES ONLY**

(c)     During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d)     A party may designate information disclosed at a deposition as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition.  Unless otherwise designated by the party that produced the witness for deposition, deposition transcripts must be treated as CONFIDENTIAL – ATTORNEYS EYES ONLY until 30 days after the final transcript is

published.  The designating party can designate portions of the transcript CONFIDENTIAL –
ATTORNEYS EYES ONLY or CONFIDENTIAL on or before the expiration of that 30-day
period.  The parties shall designate only that part of a depositions that is CONFIDENTIAL or
CONFIDENTIAL – ATTORNEYS EYES ONLY, rather than the entire deposition.   If no
designation is made within the time period above, the transcript shall be considered not to contain
any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY information.

   (e) A producing party shall designate its discovery responses, responses to
requests for admission, briefs, memoranda and all other papers sent to the court or to opposing
counsel as containing information which is CONFIDENTIAL or CONFIDENTIAL –
ATTORNEYS EYES ONLY when such papers are served or sent.

   (f) A party shall designate information disclosed at a hearing or trial as
CONFIDENTIAL or as CONFIDENTIAL – ATTORNEYS EYES ONLY by requesting the court,
at the time the information is proffered or adduced, to receive the information only in the presence
of those persons designated to receive such information and court personnel, and to designate the
transcript appropriately.

   5. <u>Disclosure and Use of Confidential Information</u>

  Information that has been designated CONFIDENTIAL or as CONFIDENTIAL –
ATTORNEYS EYES ONLY shall be disclosed by the receiving party only to Qualified
Recipients. All Qualified Recipients shall hold such information received from the disclosing party
in confidence, shall use the information only for purposes of this action and for no other action,
and shall not use it for any business or other commercial purpose, and shall not use it for filing or
prosecuting any patent application (of any type) or patent reissue or reexamination request, and
shall not disclose it to any person, except as hereinafter provided. All information that has been
designated CONFIDENTIAL or as CONFIDENTIAL – ATTORNEYS EYES ONLY shall be
carefully maintained so as to preclude access by persons who are not qualified to receive such
information under the terms of this Order.

   6. <u>Qualified Recipients</u>

For purposes of this Order, "Qualified Recipient" means:

(a) For information designated as CONFIDENTIAL – ATTORNEYS EYES ONLY:

(1) Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2) Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4) Any TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above; and

(5) Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL – ATTORNEYS EYES ONLY being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, and (ii) the party seeking disclosure provides notice to the party that produced the document, with an opportunity to object, before showing the document to the witness.  Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL – ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the party producing such documents designated CONFIDENTIAL – ATTORNEYS

EYES ONLY, or to any officer, director, employee, former employee, or agent of the producing party who has (or, in the case of a former employee, had) access to such CONFIDENTIAL – ATTORNEYS EYES ONLY information in the ordinary course of such employee's employment.

(b)     For information designated as CONFIDENTIAL:

(1)     Those persons listed in Paragraph 6(a);

(2)     Attorneys  employed by each party, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary provided that such individuals sign the Disclosure Agreement (Exhibit A); and

(3)     The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes.

7.     <u>Use of Protected Information</u>

(a)     In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include information designated by another party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, the papers shall be appropriately designated pursuant to Paragraphs 4(a) and (b), and pursuant to DUCivR 5.3, and shall be treated accordingly.

(b)     All documents, which contain information designated by another party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to Paragraph 4(a) or (b).

(c)     Documents, papers and transcripts filed with the court, which contain any information designated by another party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be filed in sealed envelopes and labeled according to DUCivR 5-3.

(d)     To the extent that documents are reviewed by a receiving party prior to production, any knowledge learned during the review process will be treated by the receiving party

as CONFIDENTIAL – ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e)     In the event that any question is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of this Order by the party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL – ATTORNEYS EYES ONLY at the request of such party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f)     Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.

8.     <u>Inadvertent Failure to Designate</u>

(a)     In the event that a producing party inadvertently fails to designate any of its information pursuant to Paragraph 4, it may later designate by notifying the receiving parties in writing. Such inadvertent failure to designate shall not constitute a waiver of the producing party's right to designate material pursuant to Paragraph 4, unless the information has been publicly

disclosed.  The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)     It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9.     <u>Challenge to Designation</u>

(a)     Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b)     Notwithstanding anything set forth in Paragraph 2(a) and (b) herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the producing party in writing to change the designation, stating with particularity the reasons in that request, and specifying the category to which the challenged document(s) should be de-designated.  The producing party shall then have seven (7) business days from the date of receipt of the notification to:

(i)     advise the receiving parties whether or not it persists in such designation; and

(ii)     if it persists in the designation, to explain the reason for the particular designation and to state its intent to seek a protective order or any other order to maintain the designation.

(c)     If its request under subparagraph (b) above is turned down, or if no response is made within seven (7) business days after receipt of any request under subparagraph (b), the information will be de-designated to the category requested by the receiving party.  If, however, the request under subparagraph (b) above is responded to under subparagraph (b)(i) and (ii), the

11

producing  party may then move the court for a protective order or any other order to maintain the designation.  The burden of proving that the designation is proper shall be upon the producing party.  If no such motion is made within seven (7) business days, the information will be de-designated to the category requested by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree). No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d)    With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(i)    the information in question has become available to the public through no violation of this Order; or

(ii)    the information was known to any receiving party prior to its receipt from the producing party; or

(iii)    the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

10.    <u>Inadvertently Produced Privileged Documents</u>

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing.  Return of the document or thing shall not constitute an admission or concession, or permit any inference that the

document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

      11.   <u>Inadvertent Disclosure</u>

In the event of an inadvertent disclosure of another party's information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

      12.   <u>Limitation</u>

This Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

      13.   <u>Conclusion of Action</u>

      (a)   At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY within sixty (60) business days and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)     After this action, trial counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY. Trial counsel's archive copy shall remain subject to all obligations of this Order, and such materials may not be filed or revealed in connection with any other proceeding or action absent court order.

(c)     The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law.  The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

14.     <u>Production by Third Parties Pursuant to Subpoena</u>

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Additionally, the parties can designate such documents, things, or testimony as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to Paragraph 4, but only insofar as it contains CONFIDENTIAL OR CONFIDENTIAL ATTORNEYS-EYES ONLY information of the party that wants to designate a third party production.  The parties agree that all documents, things, or testimony produced by third parties and designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be protected by the terms of this Protective Order.

15.     <u>Compulsory Disclosure to Third Parties</u>

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No

compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16.    Jurisdiction to Enforce Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

17.    Modification of Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

18.    Confidentiality of Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  August 27, 2018                 MUNGER, TOLLES & OLSON LLP

By:   /s Justin P. Raphael
      JUSTIN P. RAPHAEL

Rohit K. Singla (admitted *pro hac vice*)
Justin P. Raphael (admitted *pro hac vice*)
Ashley D. Kaplan (admitted *pro hac vice*)
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Tel:    (213) 683-9100
Fax:    (213) 687-3702
rohit.singla@mto.com
justin.raphael@mto.com
ashley.kaplan@mto.com

Brent O. Hatch (Bar No. 5715)
Shaunda L. McNeill (Bar No. 14468)
HATCH, JAMES & DODGE, PC
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Tel:    (801) 363-6363
Fax:    (801) 363-6666
bhatch@hjdlaw.com
smcneill@hjdlaw.com

Robert S. Clark (Bar No. 4015)
Sara M. Nielson (Bar No. 13824)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Tel:    (801) 532-7840
Fax:    (801) 532-7750
rclark@parrbrown.com
snielson@parrbrown.com

*Attorneys for Defendant 1-800 Contacts, Inc.*

DATED:  August 27, 2018                WILSON SONSINI GOODRICH & ROSATI, P.C.


By:   */s Chul Pak*
_____
      CHUL PAK

Chul Pak (admitted *pro hac vice*)
Jeffrey C. Bank (admitted *pro hac vice*)
Justin A. Cohen (admitted *pro hac vice*)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
cpak@wsgr.com
jbank@wsgr.com
jcohen@wsgr.com
Telephone: (212) 999-5800
Fax: (212) 999-5899

Steven H. Bergman (Bar No. 13641)
Tyler A. Dever (Bar No. 15584)
RICHARDS BRANDT MILLER NELSON
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
steven-bergman@rbmn.com
tyler-dever@rbmn.com
Telephone: (801) 531-2000
Fax: (801) 532-5506

*Attorneys for Defendants Vision Direct, Inc.,*
*Walgreens Boots Alliance, Inc., and Walgreen Co.*

DATED: August 27, 2018                    VORYS, SATER, SEYMOUR AND PEASE LLP


                                    By:   */s Alycia N. Broz*
                                          _____
                                          ALYCIA N. BROZ

                                    Alycia N. Broz (admitted *pro hac vice*)
                                    Kenneth J. Rubin (admitted *pro hac vice*)
                                    52 E. Gay Street
                                    Columbus, Ohio 43215
                                    anbroz@vorys.com
                                    kjrubin@vorys.com
                                    Telephone: (614) 464-6400
                                    Fax: (614) 464-6350
                                    and
                                    Amanda M. Roe (admitted pro hac vice)
                                    200 Public Square, Ste. 1400
                                    Cleveland, Ohio 44114-2327
                                    amroe@vorys.com
                                    Telephone: (216) 479-6100
                                    Fax: (216) 479-6060

                                    Paul T. Moxley (Bar No. 2342)
                                    Patrick E. Johnson (Bar No. 10771)
                                    COHNE KINGHORN, P.C.
                                    111 E. Broadway, 11th Floor
                                    Salt Lake City, Utah 84111
                                    pmoxley@cohnekinghorn.com
                                    pjohnson@cohnekinghorn.com
                                    Telephone: (801) 363-4300
                                    Fax: (801) 363-4378

                                    *Attorneys for Defendant Luxottica Retail North*
                                    *America*

DATED: August 27, 2018                BOIES SCHILLER FLEXNER LLP


By:   */s Carl E. Goldfarb*
      CARL E. GOLDFARB

401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
cgoldfarb@bsfllp.com
Telephone:  (954) 356-0011
Fax:  (954) 356-0022
        and
Scott E. Gant
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
sgant@bsfllp.com
Telephone:  (202) 237-2727
Fax:  (202) 237-6131

*Attorneys for Plaintiffs*

DATED: August 27, 2018                ROBBINS GELLER RUDMAN & DOWD LLP


By:   */s Steven M. Jodlowski*
      STEVEN M. JODLOWSKI

Steven M. Jodlowski
David W. Mitchell
Brian O. O'Mara
655 West Broadway, Suite 1900
San Diego, California 92101
SJodlowski@rgrdlaw.com
DavidM@rgrdlaw.com
BOMara@rgrdlaw.com
Telephone:  (619) 231-1058
Fax:  (619) 231-7423

Jared Scott (Bar No. 15066)
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
Telephone:  (801) 534-1700
Fax:  (801) 364-7697

*Attorneys for Plaintiffs*

19

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this _____ day of _____, 20__.

_____
**HONORABLE SENIOR JUDGE TENA CAMPBELL**
**UNITED STATES DISTRICT JUDGE**

EXHIBIT A
DISCLOSURE AGREEMENT

I, _____, am employed by _____.  In connection with this action, I am:

_____    a director, officer, or employee of _____ who is directly assisting in this action;

_____    have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

_____    Other Qualified Recipient (as defined in the Protective Order) (Describe: _____).

I have read, understand, and agree to comply with and be bound by the terms of the Protective Order in the matter of *J Thompson v. 1-800 Contacts, Inc.*, Case No. 2:16-cv-01183-TC, pending in the United States District Court for the District of Utah.  I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in the action or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Disclosure Agreement.   I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof, and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I agree to be bound by the Protective Order in every aspect and

21

to be subject to the jurisdiction of the United States District Court for the District of Utah for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed by Recipient

_____

Name (printed)

Date: _____