Brent O. Hatch (5715)
Lara A. Swensen (8493)
**HATCH, JAMES & DODGE, PC**
10 W. Broadway, Suite 400
Salt Lake City, Utah 84101
Tel: (801) 363-6363
bhatch@hjdlaw.com

Ryan A. Shores (admitted *pro hac vice*)
**SHEARMAN & STERLING LLP**
401 9th Street NW, Suite 800
Washington, D.C. 20004
Tel:    (202) 508-8000
Fax:    (202) 508-8100
Ryan.Shores@shearman.com
Stephen Fishbein (*admitted pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Tel:    (212) 848-4424
SFishbein@Shearman.com

*Attorneys for 1-800 Contacts, Inc.*

[Additional counsel listed in signature blocks]

Chul Pak (admitted *pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
cpak@wsgr.com
Telephone: (212) 999-5800

*Attorneys for Defendants Vision Direct, Inc., Walgreens Boots Alliance, Inc., and Walgreen Co.*

Alycia N. Broz (admitted *pro hac vice*)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
52 E. Gay Street
Columbus, OH 43215
anbroz@vorys.com
Telephone: (614) 464-6400

*Attorneys for Luxottica Retail North America, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>1-800 CONTACTS, INC., et al.,<br><br>Defendants. | **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUEST NO. 47**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Case No.: 2:16-cv-01183-TC<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Defendants move the Court, pursuant to DUCivR 37-1, to compel Plaintiffs to produce information about Named Plaintiffs' "use or purchase of eyeglasses."

Through Request 47, Defendants seek this information about eyeglasses to assess Named Plaintiffs' adequacy as class representatives and to evaluate the relevant market in this action.[1] Plaintiffs' only objection is that the requested information is irrelevant.[2]

The first step in a rule of reason analysis under Section 1 of the Sherman Act is determining whether a competitor possesses market power, which necessarily involves identification of the relevant market. *SCFC ILC, Inc. v. Visa USA, Inc.*, 36 F.3d 958, 965-966 (10th Cir. 1994) (citing P. Areeda & H. Hovenkamp, Antitrust Law ¶ 518.1c, at 535 (Supp.1993)). "A plaintiff cannot arbitrarily choose the product market relevant to its claims; instead, the plaintiff must justify any proposed market by defining it with reference to the rule of reasonable interchangeability and cross-elasticity of demand." *Buccaneer Energy (USA) Inc. v. Gunnison Energy Corp.*, 846 F.3d 1297, 1313 (10th Cir. 2017). Identification of the appropriate market is necessary to determine "whether the alleged anticompetitive activity restrained trade, that is, raised price or reduced output." *SCFC*, 36 F.3d at 966.

Plaintiffs claim that the relevant product market in this matter is "the market for online sales of contact lenses." Am. Compl. ¶ 36. Defendants seek discovery that goes to the core of this allegation, including whether Named Plaintiffs themselves view eyeglasses as substitutes for contact lenses. In fact, Plaintiff Thompson's original complaint in this action alleged that

---

[1] *See* Ex. 1; Ex. 4; Ex. 5.
[2] *See* Ex. 2; Ex. 3.

eyeglasses "provide[] some of the same benefits as contact lenses". ECF 1, at 9-10.[3]

Second, these documents are relevant to assess the appropriateness of this case proceeding as a class action. Named Plaintiffs' use and purchase of eyeglasses may bear upon the typicality and adequacy of class representatives. For example, if a Named Plaintiff switched to eyeglasses from contact lenses, either permanently or periodically, he or she may have divergent interests from class members who continuously wear contacts. Frequent eyeglass-wearers' online shopping habits may differ fundamentally from those who rely only on contacts. So too, these individuals may be exposed to a different volume and set of paid online advertisements, including those at issue in this litigation.

Documents relating to Named Plaintiffs' purchase and use of eyeglasses directly pertain to the relevant market analysis and putative class claims. Accordingly, Defendants request that Plaintiffs' objections be overruled, and that Plaintiffs be compelled to produce the requested documents.

| Dated: June 21, 2019 | By: | /s/ Brent O. Hatch |
| --- | --- | --- |
| | | HATCH JAMES & DODGE, P.C. |
| | | Brent O. Hatch (5715) |
| | | Lara A. Swensen (8493) |

---

[3] Indeed, this court has acknowledged that determination of the relevant product market is a fact-intensive inquiry. Defendants seek additional facts to inform this analysis. *Thompson v. 1-800 Contacts, Inc.*, No. 2:16-CV-1183-TC, 2018 WL 2271024, at *5 (D. Utah May 17, 2018).

Dated: June 21, 2019  By:  */s/ Todd M. Stenerson (signed with permission*
SHEARMAN & STERLING LLP
Todd M. Stenerson (admitted *pro hac vice*)
Ryan A. Shores (admitted *pro hac vice*)
Timothy J. Slattery (admitted *pro hac vice*)
Rachel E. Mossman (admitted *pro hac vice*)
Stephen Fishbein (*admitted pro hac vice*)

*Attorneys for 1-800 Contacts, Inc.*

Dated: June 21, 2019               By:   */s/ Chul Pak (signed with permission)*
                                         WILSON SONSINI GOODRICH &
                                         ROSATI, P.C.
                                         Chul Pak (admitted *pro hac vice*)
                                         Jeffrey C. Bank (admitted *pro hac vice*)
                                         Justin A. Cohen (admitted *pro hac vice*)

                                         *Attorneys for Defendants Vision Direct,*
                                         *Inc., Walgreens Boots Alliance, Inc., and*
                                         *Walgreen Co.*

Dated: June 21, 2019   By:   */s/ Alycia N. Broz (signed with permission)*
VORYS, SATER, SEYMOUR AND PEASE LLP
Alycia N. Broz (admitted *pro hac vice*)
Kenneth J. Rubin (admitted *pro hac vice*)

*Attorneys for Luxottica Retail North America, Inc.*

## RULE 37 CERTIFICATION

Counsels for Defendants hereby certify that they have attempted, in good faith, to resolve this dispute without Court assistance, including through repeated correspondence and telephone conferences with Class Counsel.

Specifically, all Defendants and Plaintiffs participated in two telephonic meet-and-confer calls on November 7, 2018 at 11:00 a.m. MDT and December 19, 2018 at 12:00 p.m. MDT, but were unable to resolve their differences regarding the relevance of the requested information.

Dated: June 21, 2019          By:   */s/ Todd M. Stenerson (signed with permission)*
                                    TODD M. STENERSON
                                    Todd M. Stenerson (admitted *pro hac vice*)
                                    Timothy J. Slattery (admitted *pro hac vice*)
                                    Rachel E. Mossman (admitted *pro hac vice*)
                                    **SHEARMAN & STERLING LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June 2019, I caused the foregoing Motion to Compel to be served on counsel of record via electronic filing.

By: */s/ Brent O. Hatch*
**HATCH, JAMES & DODGE, PC**
Brent O. Hatch (5715)
Lara A. Swensen (8493)