ANDERSON & KARRENBERG
HEATHER M. SNEDDON
JARED SCOTT
50 West Broadway, Suite 700
Salt Lake City, UT  84101
Telephone:  801/534-1700
801/364-7697 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL
BRIAN O'MARA
STEVEN M. JODLOWSKI
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

BOIES SCHILLER FLEXNER LLP
SCOTT E. GANT
MELISSA F. ZAPPALA
1401 New York Ave., NW
Washington, DC  20005
Telephone:  202/237-2727
202/237-6131 (fax)
        and
CARL GOLDFARB
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Telephone:  954/356-0011
954/356-0022 (fax)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                                  Plaintiffs,<br><br>         vs.<br><br>1-800 CONTACTS, INC., et al.,<br><br>                                  Defendants. | No. 2:16-cv-01183<br><br><u>CLASS ACTION</u><br><br>Honorable Judge Tena Campbell<br><br>Honorable Magistrate Judge Dustin B. Pead<br><br>PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT WITH LUXOTTICA OF AMERICA, INC. (F/K/A LUXOTTICA RETAIL NORTH AMERICA, INC.) |

## TABLE OF CONTENTS

Page

RELIEF REQUESTED AND GROUNDS FOR RELIEF ..........................................................1

I.    PRELIMINARY STATEMENT ..........................................................................................1

II.    UPDATE TO SUMMARY OF THE ACTION....................................................................2

III.    SUMMARY OF THE SETTLEMENT ...............................................................................2

IV.    ARGUMENT .......................................................................................................................4

    A.    The Settlement Meets the Standard for Preliminary Approval................................4

    B.    The Proposed Settlement Class Should Be Certified...............................................7

        1.    The Requirements of Rule 23(a) Are Satisfied...........................................7

            a.    Numerosity.......................................................................................7

            b.    Commonality....................................................................................7

            c.    Typicality .........................................................................................8

            d.    Adequacy .........................................................................................8

        2.    The Requirements of Rule 23(b) Are Satisfied...........................................9

V.    CONCLUSION..................................................................................................................10

**RELIEF REQUESTED AND GROUNDS FOR RELIEF**

Plaintiffs J Thompson, Iysha Abed, Daniel J. Bartolucci, Alexa Bean, William P. Duncanson, Tyler Nance, Leia Pinto, Jill Schulson, and Edward Ungvarsky, by their undersigned counsel, respectfully move this Court for entry of an order: (i) granting preliminary approval of the Stipulation and Agreement of Settlement, dated July 5, 2019 ("Settlement Agreement" or "SA"), between plaintiffs and defendant Luxottica of America, Inc. (attached as Exhibit 1 to the concurrently filed Jodlowski Declaration); and (ii) certifying the Settlement Class.  As discussed further below, after extensive arm's-length negotiations by experienced counsel, plaintiffs have reached a settlement consisting of: (i) a substantial monetary component; and (ii) cooperation from Luxottica that will assist plaintiffs in the continued prosecution of this action against the non-settling defendants.  The Settlement Agreement is fair, reasonable and adequate and certainly falls within the range of approval.  In addition, because the requirements of Rule 23 for class certification of a Settlement Class are satisfied, and because a class action is the superior method for adjudicating this antitrust action, there are proper grounds upon which to certify a Settlement Class.  Fed. R. Civ. P. 23.  This motion is based on the following argument and points and authorities, the Jodlowski Declaration, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

**I.    PRELIMINARY STATEMENT**

On November 8, 2017, this Court preliminarily approved a proposed settlement with Arlington Contact Lens Service, Inc. and National Vision, Inc. providing for a payment of $7 million to a class of online contact lens purchasers.  Plaintiffs have reached a second settlement – this time with defendant Luxottica – providing for a cash payment of $5.9 million to a class of online contact lens purchasers.  In addition to the cash payment, which brings the total recovery thus far to

$12.9 million, the Agreement provides for cooperation that will assist plaintiffs in the continued prosecution of this action against the non-settling defendants.

Like the previous settlement, the Luxottica settlement is well within the range of fairness, adequacy, and reasonableness. It was reached after extensive, arm's-length negotiations between experienced counsel, and the monetary relief together with the cooperation agreement are an excellent result for the Settlement Class. Accordingly, pursuant to Rule 23(e), plaintiffs respectfully seek entry of the accompanying Preliminary Approval Order. Fed. R. Civ. P. 23(e).

## II.   UPDATE TO SUMMARY OF THE ACTION

Since it entered the preliminarily approval order on November 8, 2017, the Court denied defendants' motions to dismiss the complaint and the parties have proceeded with discovery. Under the current pre-trial schedule, plaintiffs' class certification motion is due on November 14, 2019. ECF No. 234. Luxottica, like the other defendants, has vigorously contested plaintiffs' claims during more than two years of litigation.

## III.   SUMMARY OF THE SETTLEMENT

The key terms of the Luxottica settlement are similar to the previously approved AC Lens settlement agreement. The Luxottica agreement provides for a total of $5.9 million in monetary relief. The settlement funds are non-recapture. That is, as of the Effective Date, Luxottica has no right to the return of the settlement fund or any portion thereof for any reason. SA, ¶10.3.

As with the preliminarily approved AC Lens settlement agreement, the Luxottica settlement obligates Luxottica to provide cooperation, which will assist plaintiffs in the prosecution of the action against non-settling defendants. This discovery includes: (a) production of reasonably available transaction data involving online contact lens sales during the Class Period and assistance

in understanding that data; (b) production of data reflecting Luxottica's contact lens search advertising efforts; (c) discovery concerning Luxottica's trademarked terms; (d) production of financial statements for Luxottica's U.S. business; and (e) cooperation in authenticating and establishing as business records documents or data produced in this litigation. SA, Ex. A (¶¶1-7). These obligations are triggered by the entry of the Preliminary Approval Order.

The parties used the preliminarily approved AC Lens agreement as a template for the Luxottica agreement. Differences between the agreements are minor and immaterial to the class action settlement process (such as replacing AC Lens' name with Luxottica's). If approved, both settlements may efficiently proceed through the settlement approval process, class notice, claims process, distribution, and other settlement procedures together. Plaintiffs wish to bring to the Court's attention the differences in the language of two provisions of the Luxottica settlement agreement from that in the preliminarily approved AC Lens agreement.

**Settlement Class Definition**. The settlement class definition for the Luxottica agreement differs from the settlement class definition of the AC Lens agreement because it conforms to the time period covered by Luxottica's agreement with 1-800. 1-800 and Luxottica entered into a sourcing and services agreement that prohibited the parties from bidding in certain search advertising auctions, and obligated the parties to implement certain negative keywords, on December 23, 2013. ECF No. 72, ¶57. Thus, the Settlement Class begins on that day.

**Notice and Administration Costs**. Plaintiffs intend to file a motion for approval of: (i) the form and manner of notice; and (ii) now that there are two settlements, a plan of distribution to both the Luxottica and AC Lens Settlement Classes. The Settlement Administrator will, of course, need to be paid for its services, which plaintiffs expect to run into the tens, and perhaps low hundreds, of

thousands of dollars. Both the AC Lens and Luxottica agreements contemplate payment of administration costs out of the settlement fund. The Luxottica Settlement Agreement also authorizes Interim Class Counsel to proceed with paying these costs, up to $250,000, once the Court approves the notice plan and the costs are incurred. SA, ¶3.3.

IV.   **ARGUMENT**

   A.   **The Settlement Meets the Standard for Preliminary Approval**

Rule 23(e) requires court approval of a class action settlement. Fed. R. Civ. P. 23(e). Public policy favors the settlement of civil cases, especially complex class actions like this action. *Geiger v. Sisters of Charity*, 2015 WL 4523806, at *2 (D. Kan. July 27, 2015) ("The law favors compromise and settlement of class action suits."). At this stage, the Court must make a "preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms." *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015). Preliminary approval is appropriate "where the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'" *In re Motor Fuel Temp. Litig.*, 2011 WL 4431090, at *5 (D. Kan. Sept. 22, 2011).[1]

The Luxottica settlement agreement was the product of negotiations over several months among experienced counsel. Negotiations with Luxottica were hard-fought and always at arm's length. As a result of these negotiations, Interim Class Counsel achieved a sizeable monetary component, along with extensive cooperation obligations, which Interim Class Counsel diligently and carefully negotiated to ensure the production of evidence needed to support plaintiffs' claims

---

[1]   Unless otherwise noted, citations are omitted and emphasis is added, here and throughout.

against the non-settling defendants. These elements point in favor of finding that "the settlement negotiations in the instant case were fair, honest, and conducted at arm's length." *Rhodes*, 308 F.R.D. at 667; *see also Geiger*, 2015 WL 4523806, at *2.

Interim Class Counsel has conducted a thorough investigation, and has expended substantial time and money analyzing plaintiffs' claims and reviewing extensive documents in litigating this case. Interim Class Counsel has also retained economists and industry experts. Plaintiffs' investigation, along with their expert's advice, informed Interim Class Counsel's views on the anticompetitive nature and impact of the bidding agreements, as well as their approach for analyzing Luxottica's liability and exposure. On their judgment, and the judgment of Interim Class Counsel, plaintiffs recommend this settlement, which provides an immediate benefit to the Settlement Class, and which will be useful in continuing to litigate this action against the non-settling defendants, which have more liability and damages exposure than does Luxottica. *See Rhodes*, 308 F.R.D. at 667 ("Class Counsel are experienced in consumer class actions, and weight is given to their favorable judgment as to the merits, fairness, and reasonableness of the settlement.").

While plaintiffs believe they would ultimately prevail at trial, the Luxottica settlement creates a certainty of recovery. No matter how strongly plaintiffs feel about the merits of their case, there is a risk that a jury might accept one or more of Luxottica's arguments and award nothing at all or award less than the $5.9 million that, if approved, would be available under the Settlement. Given the uncertain nature of antitrust class actions, the Settlement is strategically sound, fair and reasonable. *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1138 (D. Colo. 2009) (court should examine "whether serious questions of law and fact exist, placing the ultimate

outcome of the litigation in doubt"); *see also Ashley v. Regional Transp. Dist. and Amalgamated Transit Union Div.*, 2008 WL 384579, at *6 (D. Colo. Feb. 11, 2008).

The law is clear that early settlements are to be encouraged. *In re Remeron End-Payor Antitrust Litig.*, 2005 U.S. Dist. LEXIS 27011, at *62 (D.N.J. Sept. 13, 2005) ("'Early settlements benefit everyone involved in the process and everything that can be done to encourage such settlements, especially in complex class action cases, should be done.'"). Considering the questions of law and fact that exist in this action as to Luxottica, "the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; a trial, post-trial motions, and an appeal could reduce the net value of any recovery." *Rhodes*, 308 F.R.D. at 667. The benefit of the recovery here is apparent – not only does the Settlement Agreement provide for sizeable monetary relief, it also includes cooperation obligations, which courts have recognized as valuable.[2] As discussed above, while the certainty of success at trial is unknown, plaintiffs and the Settlement Class can be sure that the cooperation they will receive in this action as a result of the Settlement Agreement will be useful in achieving recoveries from the non-settling defendants.

There should be no question that the proposed settlement is fair and reasonable and that preliminary approval is appropriate here, "where the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'" *Motor Fuel*, 2011 WL 4431090, at *5.

---

[2] Cooperation obligations such as those secured here have been recognized to confer substantial benefits to a class. *See, e.g.*, *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003); *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md. 1983) (a defendant's agreement to cooperate with plaintiffs "is an appropriate factor for a court to consider in approving a settlement"); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2016 U.S. Dist. LEXIS 180481, at *100 (S.D.N.Y. Dec. 21, 2016) ("the intangible benefit of cooperation against the non-settling defendants" supports preliminary approval).

### B. The Proposed Settlement Class Should Be Certified

As explained in plaintiffs' prior submissions in support of the AC Lens settlement (ECF No. 139), the proposed Settlement Class should be certified because it meets the requirements of Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure.

#### 1. The Requirements of Rule 23(a) Are Satisfied

##### a. Numerosity

The Settlement Class consists of at least several hundred thousand consumers geographically dispersed across the United States; therefore, numerosity is readily satisfied. Jodlowski Decl., ¶4; *see In re Urethane Antitrust Litig.*, 237 F.R.D. 440, 446 (D. Kan. 2006) ("*Urethane I*") (certifying class consisting of "hundreds, if not thousands, of geographically dispersed businesses"); *see also Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977) (refusing to establish a threshold number as a prerequisite to a finding of numerosity and certifying a class of 46).

##### b. Commonality

Even though commonality only requires "'a single [common] question,'" numerous common issues of fact and law that affect all or a substantial number of Settlement Class Members on liability, impact and damages exist here. *Wal-Mart v. Dukes*, 564 U.S. 338, 359 (2011). The nature of antitrust claims brought under §1 of the Sherman Act has led courts to routinely find that commonality exists. 15 U.S.C. §1; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (predominance is "a test readily met in certain cases alleging . . . violations of the antitrust laws"); *Urethane I*, 237 F.R.D. at 446-47 (collecting cases); *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1254 (10th Cir. 2014) ("*Urethane II*") (collecting cases).

####   c.   Typicality

As the Supreme Court has observed, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "Provided the claims of Named Plaintiffs and putative class members are based on the same legal or remedial theory, differing fact situations of the putative class members do not defeat typicality." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198-99 (10th Cir. 2010). "[L]ike commonality, typicality exists where . . . all [putative] class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances." *Id.* at 1199.

Plaintiffs' claims arise from the same course of conduct: defendants' agreements to not compete in certain online advertising. ECF No. 72, ¶2. The claims of the Settlement Class are all based on the same legal or remedial theory, which is that they all suffered damages by virtue of the fact that they purchased contact lenses online at prices artificially inflated due to the advertising agreements. By virtue of the antitrust allegations in this action, "[P]laintiffs' claims are typical of those of the [Settlement] class because the claims all depend on proof of the antitrust violation by the defendants, not on the [P]laintiffs' individual positions." *Urethane I*, 237 F.R.D. at 447.

####   d.   Adequacy

Adequacy is satisfied under Rule 23(a)(4) if the class representatives do not have interests that are antagonistic to those of the class and their chosen counsel is qualified, experienced, and able to conduct the litigation. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002). Plaintiffs satisfy the adequacy requirement of Rule 23(a)(4) here because: (i) there are no conflicts of interest between plaintiffs and the Settlement Class as a whole; and (ii) the attorneys prosecuting this case are exceptionally qualified to litigate this matter. Only

"fundamental" conflicts that "go to the specific issues in controversy" prevent certification. *Ogden v. Figgins*, 315 F.R.D. 670, 675 (D. Kan. 2016).

Plaintiffs Thompson, Bartolucci, Bean, Duncanson, Pinto, Schulson, and Ungvarsky are each adequate representatives of the Settlement Class and should be appointed as class representatives for settlement purposes. These plaintiffs and members of the class share the same interest in maximizing their recovery from the remaining defendants, as they all purchased contact lenses during the Settlement Class Period at artificially inflated prices. Jodlowski Decl., ¶4. Thus, these plaintiffs' interest in proving liability and damages is entirely aligned with that of the Settlement Class. Indeed, they have now obtained a substantial monetary payment and cooperation from three of the defendants.

### 2. The Requirements of Rule 23(b) Are Satisfied

Once it is determined that the proposed class satisfies Rule 23(a), a class should be certified under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. "It is not necessary that all of the elements of the claim entail questions of fact and law that are common to the class, nor that the answers to those common questions be dispositive." *CGC Holding Co., LLC v. Broad and Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014).

Here, proof of the existence of the unlawful agreements, and their terms and participants, will consist of class-wide, common evidence that will necessarily focus on defendants' conduct, and not

the conduct of individual class members.  In addition, predominance is demonstrated, as in this case, where the impact of the asserted antitrust violation, as well as the damages arising out of the misconduct, can be shown on a class-wide basis.  *Urethane II*, 768 F.3d at 1254-56.  The heart of plaintiffs' allegations is that defendants violated the antitrust laws, and "[p]redominance is a test readily met in certain cases alleging . . . violations of the antitrust laws." *Amchem Prods.*, 521 U.S. at 625; *In re Crocs, Inc. Sec. Litig.*, 2013 U.S. Dist. LEXIS 122593, at *35-*36 (D. Colo. Aug. 28, 2013) ("While predominance may be difficult to demonstrate in mass tort cases in which the 'individual stakes are high and disparities among class members great,' it is a 'test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws.'").  Finally, as numerous courts have held, a class action is a superior method of adjudicating claims in cases like this one.  *Urethane I*, 237 F.R.D. at 453.  Indeed, courts routinely certify classes in antitrust cases.  *Id*. at 446-47 (collecting cases).

## V.     CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court enter the Preliminary Approval Order, granting Plaintiffs' Motion for Preliminary Approval of Settlement Agreement with Luxottica and certifying the Settlement Class.

DATED:  July 11, 2019                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL (Admitted *Pro Hac Vice*)
BRIAN O. O'MARA
STEVEN M. JODLOWSKI (Admitted *Pro Hac Vice*)


                                         s/ David W. Mitchell
                                         DAVID W. MITCHELL

        655 West Broadway, Suite 1900
        San Diego, CA  92101
        Telephone:  619/231-1058
        619/231-7423 (fax)

        Counsel for Plaintiffs and
        Interim Lead Counsel for the Putative Class

DATED:  July 11, 2019        BOIES SCHILLER FLEXNER LLP
        SCOTT E. GANT (Admitted *Pro Hac Vice*)
        MELISSA F. ZAPPALA (Admitted *Pro Hac Vice*)


            s/ Scott E. Gant
            SCOTT E. GANT

        1401 New York Ave., NW
        Washington, DC  20005
        Telephone:  202/237-2727
        202/237-6131 (fax)

        BOIES SCHILLER FLEXNER LLP
        CARL GOLDFARB (Admitted *Pro Hac Vice*)
        401 East Las Olas Blvd., Suite 1200
        Fort Lauderdale, FL  33301
        Telephone:  954/356-0011
        954/356-0022 (fax)

        Counsel for Plaintiffs and
        Interim Lead Counsel for the Putative Class

        ANDERSON & KARRENBERG
        HEATHER M. SNEDDON
        JARED SCOTT
        50 West Broadway, Suite 700
        Salt Lake City, UT  84101
        Telephone:  801/534-1700
        801/364-7697 (fax)

        Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 11, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List.

        s/ David W. Mitchell
        DAVID W. MITCHELL

        ROBBINS GELLER RUDMAN
          & DOWD LLP
        655 West Broadway, Suite 1900
        San Diego, CA  92101-8498
        Telephone:  619/231-1058
        619/231-7423 (fax)

        E-mail:  DavidM@rgrdlaw.com

**Mailing Information for a Case 2:16-cv-01183-TC-DBP Thompson et al v. 1-800 Contacts, Inc. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey C. Bank**
  jbank@wsgr.com,ageritano@wsgr.com,lalmeida@wsgr.com

- **Steven H. Bergman**
  steven-bergman@rbmn.com,ladonna-whelchel@rbmn.com,info@bergmanesq.com

- **Mark M. Bettilyon**
  mark.bettilyon@tnw.com,litigation@tnw.com,aimee.kaderabek@tnw.com,Kaelynn.Moultrie@tnw.com

- **Dorn Bishop**
  db@markhamlawfirm.com,kim@dornbishoplaw.com

- **Alycia N. Broz**
  anbroz@vorys.com

- **Kuntal Cholera**
  kcholera@cov.com

- **Robert S. Clark**
  rclark@parrbrown.com,calendar@parrbrown.com,afoutz@parrbrown.com

- **Justin A. Cohen**
  jcohen@wsgr.com

- **Robert M. Corp**
  rcorp@wsgr.com,ageritano@wsgr.com

- **Jerry R. DeSiderato**
  jdesiderato@dilworthlaw.com,vmckeage@dilworthlaw.com

- **Tyler Anne Dever**
  tyler-dever@rbmn.com,ladonna-whelchel@rbmn.com

- **Jason Eliaser**
  je@markhamlawfirm.com

- **Stephen Fishbein**
  sfishbein@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Scott E. Gant**
  sgant@bsfllp.com

- **Carl E. Goldfarb**
  cgoldfarb@bsfllp.com,lambersley@bsfllp.com,mcalvin@bsfllp.com,hgreen@bsfllp.com

- **Richard M. Golomb**
  rgolomb@golombhonik.com,emalloy@golombhonik.COm

- **Kenneth J. Grunfeld**
  kgrunfeld@golombhonik.com,emalloy@golombhonik.COm

- **Robert P. Harrington**
  rharrington@kba.law,dschanuel@kba.law

- **Brent O. Hatch**
  bhatch@hjdlaw.com,brenthatch@gmail.com,administrator@hjdlaw.com

- **Mike Houchin**
  mike@consumersadvocates.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com,akelly@rgrdlaw.com,e_file_sd@rgrdlaw.com,LBrowne@rgrdlaw.com

- **Patrick E. Johnson**
  pjohnson@cohnekinghorn.com,jdannenmueller@cohnekinghorn.com

- **Theodore E. Kanell**
  tkanell@pckutah.com,mstones@pckutah.com

- **Ashley D. Kaplan**
  ashley.kaplan@mto.com

- **Thomas R Karrenberg**
  tkarrenberg@aklawfirm.com,rdodge@aklawfirm.com

- **Jason M. Kerr**
  jasonkerr@ppktrial.com,elphelps@ppktrial.com,johnsnow@ppktrial.com,steven.garff@ppktrial.com,angelajohnson@ppktrial.com

- **Andrew Lazerow**
  alazerow@cov.com

- **William A. Markham**
  wm@markhamlawfirm.com,la@markhamlawfirm.com,aa@markhamlawfirm.com

- **Ronald Marron**
  ron.marron@gmail.com,ecf@consumersadvocates.com

- **David W. Mitchell**
  davidm@rgrdlaw.com,ckopko@rgrdlaw.com

- **Rachel Elizabeth Mossman**
  rachel.mossman@shearman.com,managing-attorney-5081@ecf.pacerpro.com,courtalert@shearman.com,manattyoffice@shearman.com

- **Paul T. Moxley**
  pmoxley@cohnekinghorn.com,msine@cohnekinghorn.com,mcerutti@cohnekinghorn.com

- **Kara M. Mundy**
  kmmundy@vorys.com

- **Sara M. Nielson**
  snielson@parrbrown.com,acoats@parrbrown.com,calendar@parrbrown.com

- **Chul Pak**
  cpak@wsgr.com,ageritano@wsgr.com

- **Rebecca A. Peterson**
  rapeterson@locklaw.com,bgilles@locklaw.com

- **Justin P. Raphael**
  justin.raphael@mto.com,mark.roberts@mto.com

- **Kenneth J. Rubin**
  kjrubin@vorys.com

- **Jared D. Scott**
  jscott@aklawfirm.com,krubino@aklawfirm.com

- **Robert K. Shelquist**
  rkshelquist@locklaw.com,kjleroy@locklaw.com,bgilles@locklaw.com

- **Ryan A. Shores**
  ryan.shores@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,gloria.jenkins@shearman.com,manattyoffice@shearman.com

- **Rohit Kumar Singla**
  rohit.singla@mto.com,erika.eberline@mto.com

- **Timothy J. Slattery**
  timothy.slattery@shearman.com,managing-attorney-5081@ecf.pacerpro.com,charlotte.glasser@shearman.com,Rachel.Mossman@Shearman.com,CourtAlert@Shearman.com,Brian.Hauser@Shearman.com,manattyoffice

- **Heather M. Sneddon**
  hsneddon@aklawfirm.com,krubino@aklawfirm.com

- **David J. Stanoch**
  dstanoch@golombhonik.com,emalloy@golombhonik.com

- **Todd M. Stenerson**
  todd.stenerson@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Samuel C. Straight**
  sstraight@rqn.com,bsears@rqn.com,docket@rqn.com

- **Lara A. Swensen**
  lswensen@hjdlaw.com,administrator@hjdlaw.com

- **Melissa Felder Zappala**
  mzappala@bsfllp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

**Comma delimited list of email addresses that may be used for copying and pasting into your own email program:**

jbank@wsgr.com,ageritano@wsgr.com,lalmeida@wsgr.com,steven-bergman@rbmn.com,
ladonna-whelchel@rbmn.com,info@bergmanesq.com,mark.bettilyon@tnw.com,litigation@tnw.com,
aimee.kaderabek@tnw.com,Kaelynn.Moultrie@tnw.com,db@markhamlawfirm.com,kim@dornbishoplaw.com,
anbroz@vorys.com,kcholera@cov.com,rclark@parrbrown.com,calendar@parrbrown.com,
afoutz@parrbrown.com,jcohen@wsgr.com,rcorp@wsgr.com,jdesiderato@dilworthlaw.com,

vmckeage@dilworthlaw.com,tyler-dever@rbmn.com,je@markhamlawfirm.com,sfishbein@shearman.com, managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com,sgant@bsfllp.com, cgoldfarb@bsfllp.com,lambersley@bsfllp.com,mcalvin@bsfllp.com,hgreen@bsfllp.com, rgolomb@golombhonik.com,emalloy@golombhonik.COm,kgrunfeld@golombhonik.com,rharrington@kba.law, dschanuel@kba.law,bhatch@hjdlaw.com,brenthatch@gmail.com,administrator@hjdlaw.com, mike@consumersadvocates.com,sjodlowski@rgrdlaw.com,akelly@rgrdlaw.com,e_file_sd@rgrdlaw.com, LBrowne@rgrdlaw.com,pjohnson@cohnekinghorn.com,jdannenmueller@cohnekinghorn.com,tkanell@pckutah.com, mstones@pckutah.com,ashley.kaplan@mto.com,tkarrenberg@aklawfirm.com,rdodge@aklawfirm.com, jasonkerr@ppktrial.com,elphelps@ppktrial.com,johnsnow@ppktrial.com,steven.garff@ppktrial.com, angelajohnson@ppktrial.com,alazerow@cov.com,wm@markhamlawfirm.com,la@markhamlawfirm.com, aa@markhamlawfirm.com,ron.marron@gmail.com,ecf@consumersadvocates.com,davidm@rgrdlaw.com, ckopko@rgrdlaw.com,rachel.mossman@shearman.com,courtalert@shearman.com,pmoxley@cohnekinghorn.com, msine@cohnekinghorn.com,mcerutti@cohnekinghorn.com,kmmundy@vorys.com,snielson@parrbrown.com, acoats@parrbrown.com,cpak@wsgr.com,rapeterson@locklaw.com,bgilles@locklaw.com, justin.raphael@mto.com,mark.roberts@mto.com,kjrubin@vorys.com,jscott@aklawfirm.com, krubino@aklawfirm.com,rkshelquist@locklaw.com,kjleroy@locklaw.com,ryan.shores@shearman.com, gloria.jenkins@shearman.com,rohit.singla@mto.com,erika.eberline@mto.com,timothy.slattery@shearman.com, charlotte.glasser@shearman.com,Rachel.Mossman@Shearman.com,Brian.Hauser@Shearman.com,hsneddon@aklawfirm.com, dstanoch@golombhonik.com,emalloy@golombhonik.com,todd.stenerson@shearman.com,sstraight@rqn.com, bsears@rqn.com,docket@rqn.com,lswensen@hjdlaw.com,mzappala@bsfllp.com

(Too many email addresses to create a "mailto" link - more than 1500 characters.)