ANDERSON & KARRENBERG
HEATHER M. SNEDDON
JARED SCOTT
50 West Broadway, Suite 700
Salt Lake City, UT  84101
Telephone:  801/534-1700
801/364-7697 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
DAVID W. MITCHELL
BRIAN O'MARA
STEVEN M. JODLOWSKI
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

BOIES SCHILLER FLEXNER LLP
SCOTT E. GANT
MELISSA F. ZAPPALA
1401 New York Ave., NW
Washington, DC  20005
Telephone:  202/237-2727
202/237-6131 (fax)
          and
CARL GOLDFARB
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Telephone:  954/356-0011
954/356-0022 (fax)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                                  Plaintiffs,<br><br>     vs.<br><br>1-800 CONTACTS, INC., et al.,<br><br>                                  Defendants. | No. 2:16-cv-01183<br><br><u>CLASS ACTION</u><br><br>Honorable Judge Tena Campbell<br><br>Honorable Magistrate Judge Dustin B. Pead<br><br>PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT WITH DEFENDANTS VISION DIRECT, INC., WALGREENS BOOTS ALLIANCE, INC., AND WALGREEN CO. |

## TABLE OF CONTENTS

                                                                            **Page**

RELIEF REQUESTED AND GROUNDS FOR RELIEF ............................................................1

I. PRELIMINARY STATEMENT ........................................................................................1

II. STATUS OF THE ACTION ..............................................................................................2

III. SUMMARY OF THE SETTLEMENT ..............................................................................2

IV. ARGUMENT ......................................................................................................................4

      A. The Settlement Meets the Standard for Preliminary Approval ...............................4

      B. The Proposed Settlement Class Should Be Certified ...............................................7

            1. The Requirements of Rule 23(a) Are Satisfied ...........................................7

                  a. Numerosity ......................................................................................7

                  b. Commonality ...................................................................................7

                  c. Typicality ........................................................................................8

                  d. Adequacy ........................................................................................8

            2. The Requirements of Rule 23(b) Are Satisfied ...........................................9

V. CONCLUSION .................................................................................................................10

## TABLE OF AUTHORITIES

Page

**CASES**

*Aks v. Southgate Trust Co.*,
  No. 92-2193, 1992 U.S. Dist. LEXIS 20442
  (D. Kan. Dec. 24, 1992) ..................................................................................................6

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................................................7, 9, 10

*Ashley v. Regional Transp. Dist. and Amalgamated Transit Union Div.*,
  No. 05-CV-01567, 2008 WL 384579
  (D. Colo. Feb. 11, 2008) ..................................................................................................6

*CGC Holding Co., LLC v. Broad and Cassel*,
  773 F.3d 1076 (10th Cir. 2014) .......................................................................................9

*DG ex rel. Stricklin v. Devaughn*,
  594 F.3d 1188 (10th Cir. 2010) .......................................................................................8

*Geiger v. Sisters of Charity of Leavenworth Health Sys., Inc.*,
  No. 14-2378, 2015 WL 4523806
  (D. Kan. July 27, 2015) ................................................................................................4, 5

*Gen. Tel. Co. of the Sw. v. Falcon*,
  457 U.S. 147 (1982) .........................................................................................................8

*Horn v. Associated Wholesale Grocers, Inc.*,
  555 F.2d 270 (10th Cir. 1977) .........................................................................................7

*In re Crocs, Inc. Sec. Litig.*,
  No. 07-CV-02351, 2013 U.S. Dist. LEXIS 122593
  (D. Colo. Aug. 28, 2013) ...............................................................................................10

*In re Linerboard Antitrust Litig.*,
  292 F. Supp. 2d 631 (E.D. Pa. 2003) ..............................................................................6

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  No. 11-MDL-2262, 2016 U.S. Dist. LEXIS 180481
  (S.D.N.Y. Dec. 21, 2016) ................................................................................................6

*In re Mid-Atlantic Toyota Antitrust Litig.*,
  564 F. Supp. 1379 (D. Md. 1983) ...................................................................................6

*In re Motor Fuel Temp. Sales Practices Litig.*,
  No. 07-MD-1840, 2011 WL 4431090
  (D. Kan. Sept. 22, 2011) ..............................................................................................4, 7

                                                                  **Page**

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
    625 F. Supp. 2d 1133 (D. Colo. 2009)...............................................................................6

*In re Urethane Antitrust Litig.*,
    237 F.R.D. 440 (D. Kan. 2006)..............................................................................7, 8, 10

*In re Urethane Antitrust Litig.*,
    768 F.3d 1245 (10th Cir. 2014) .......................................................................................8, 10

*Ogden v. Figgins*,
    315 F.R.D. 670 (D. Kan. 2016)..........................................................................................9

*Rhodes v. Olson Assocs., P.C.*,
    308 F.R.D. 664 (D. Colo. 2015) ................................................................................4, 5, 6

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
    314 F.3d 1180 (10th Cir. 2002) .........................................................................................8

*Wal-Mart v. Dukes*,
    564 U.S. 338 (2011)...........................................................................................................7

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................................1
    Rule 23(a)...................................................................................................................7, 8, 9
    Rule 23(a)(4) .....................................................................................................................8, 9
    Rule 23(b) ......................................................................................................................7, 9
    Rule 23(b)(3)......................................................................................................................9
    Rule 23(e)...........................................................................................................................2, 4

**RELIEF REQUESTED AND GROUNDS FOR RELIEF**

Plaintiffs Iysha Abed, Daniel J. Bartolucci, Alexa Bean, William P. Duncanson, Tyler Nance, Leia Pinto, Jill Schulson, J Thompson, and Edward Ungvarsky (collectively, "plaintiffs"), by their undersigned counsel, respectfully move this Court for entry of an order: (i) granting preliminary approval of the Stipulation and Agreement of Settlement, dated September 17, 2019 ("Settlement Agreement" or "SA"), between plaintiffs and defendants Vision Direct, Inc. ("Vision Direct"), Walgreens Boots Alliance, Inc. and Walgreen Co. ("Walgreens," collectively with Vision Direct referred to as "WAG/VD") (attached as Exhibit 1 to the concurrently filed Jodlowski Declaration); and (ii) certifying the Settlement Class.  As discussed further below, after extensive arm's-length negotiations by experienced counsel, plaintiffs have reached a settlement consisting of: (i) a substantial monetary component; and (ii) cooperation from WAG/VD that will assist plaintiffs in the continued prosecution of this action against the lone remaining defendant, 1-800 Contacts, Inc.  The Settlement Agreement is fair, reasonable and adequate and certainly falls within the range of approval.  In addition, because the requirements of Rule 23 for certification of a Settlement Class are satisfied, and because a class action is the superior method for adjudicating this antitrust action, there are proper grounds upon which to certify a Settlement Class.  Fed. R. Civ. P. 23.  This motion is based on the following argument and points and authorities, the Jodlowski Declaration, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

**I.    PRELIMINARY STATEMENT**

Plaintiffs have signed a settlement agreement with WAG/VD, which provides for a cash payment of $12 million to a class of online contact lens purchasers, along with WAG/VD's agreement to provide plaintiffs with cooperation.  This is the third settlement agreement reached in this action.

Plaintiffs previously settled with Arlington Contact Lens Service, Inc. and National Vision (collectively, "AC Lens") and Luxottica of America, Inc. ("Luxottica"), and the Court granted preliminary approval to both of those settlements. ECF Nos. 150, 248. With the WAG/VD settlement, six of the seven defendants named in this action have agreed to settle for a total of $24.9 million. The sole remaining defendant, 1-800 Contacts, had a market share substantially greater than the settling defendants combined, and orchestrated the challenged conduct at issue in the case.

Like the previous settlements, the WAG/VD settlement is well within the range of fairness, adequacy, and reasonableness. It was reached after extensive, arm's-length negotiations between experienced counsel, and the monetary relief together with the cooperation agreement are an excellent result for the Settlement Class. Accordingly, pursuant to Rule 23(e), plaintiffs respectfully seek entry of the accompanying Preliminary Approval Order. Fed. R. Civ. P. 23(e).

## II.   STATUS OF THE ACTION

WAG/VD, like the other defendants, has vigorously contested plaintiffs' claims during more than two years of litigation. As explained in the recently filed preliminary approval papers for the Luxottica settlement, the Court denied defendants' motions to dismiss the complaint and the parties are engaged in discovery. Several discovery disputes have arisen, leading to the parties to seek Court intervention. *See, e.g.*, ECF No. 235. Under the current pre-trial schedule, plaintiffs' class certification motion is due on November 14, 2019. ECF No. 234. Discovery closes on June 4, 2020. *Id.*

## III.   SUMMARY OF THE SETTLEMENT

Other than the monetary component, the key terms of the WAG/VD settlement are substantially identical to the previously approved AC Lens and Luxottica settlement agreements. The WAG/VD agreement provides for a total of $12 million in monetary relief. Fifty percent of the

settlement monies will be paid into an escrow account within 15 days of the Court's entry of the preliminary approval order, and the remaining 50% will be deposited after final approval. SA, ¶3.1. Any interest earned on the settlement fund will become part of the settlement. *Id.*, ¶1.38. The settlement funds are non-recapture. That is, as of the Effective Date, WAG/VD has no right to the return of the settlement fund or any portion thereof for any reason. SA, ¶¶8.9, 10.5.

As with the preliminarily approved AC Lens and Luxottica settlement agreements, the WAG/VD settlement obligates WAG/VD to provide cooperation, which will assist plaintiffs in the prosecution of the action against 1-800 Contacts. This discovery includes: (a) supplementation of WAG/VD transaction data to bring the data through August 2019 and assistance in understanding that data; (b) production of data reflecting WAG/VD's contact lens search advertising efforts; (c) discovery concerning WAG/VD's trademarked terms; and (d) cooperation in authenticating and establishing as business records documents or data produced in this litigation, including a January 24, 2008 letter from Vision Direct to 1-800 Contacts concerning the legality of the 2004 1-800 Contacts/Vision Direct agreement. SA, Ex. A (¶¶1-6). These obligations are triggered by the entry of the Preliminary Approval Order.

The WAG/VD agreement is consistent with and modeled after the preliminarily approved AC Lens and Luxottica agreements. The agreement is made on behalf of the following Settlement Class:

> [A]ll persons in the United States who made at least one online purchase of contact lenses from 1-800 Contacts, Inc. ("1-800") or WAG/VD from January 1, 2004 to the date of execution of the settlement agreement, who do not timely exclude himself, herself, or themselves from the Class. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged Advertising Agreement Counterparties, governmental entities and instrumentalities of government, states and their subdivisions, agencies and instrumentalities.

SA, ¶1.35.

As in the preliminarily approved pending settlement agreements, plaintiffs and members of the Settlement Class that do not exclude themselves will give up their rights to sue WAG/VD and Released WAG/VD Parties for Released Class Claims. SA, ¶¶1.31-1.33, 7.1-7.4; *see also* ECF No. 139-2, ¶¶1.27-1.29, 7.1-7.3; ECF No. 245-2, ¶¶1.29-1.31, 7.1-7.3. Also, as with the preliminarily approved settlement agreements, the WAG/VD settlement agreement provides for a release of claims "arising from or relating . . . to . . . the predicate of the Action." SA, ¶¶1.31; ECF No. 139-2, ¶1.27; ECF No. 245-2, ¶1.29.

## IV.    ARGUMENT

### A.    The Settlement Meets the Standard for Preliminary Approval

Rule 23(e) requires court approval of a class action settlement. Fed. R. Civ. P. 23(e). Public policy favors the settlement of civil cases, especially complex class actions like this action. *Geiger v. Sisters of Charity of Leavenworth Health Sys., Inc.*, No. 14-2378, 2015 WL 4523806, at *2 (D. Kan. July 27, 2015) ("The law favors compromise and settlement of class action suits."). At this stage, the Court must make a "preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms." *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015). Preliminary approval is appropriate "where the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'"[1] *In re Motor Fuel Temp. Sales Practices Litig.*, No. 07-MD-1840, 2011 WL 4431090, at *5 (D. Kan. Sept. 22, 2011).

The Settlement Agreement was the product of negotiations over many months among

---

[1]   Unless otherwise noted, citations are omitted and emphasis is added.

experienced counsel. Negotiations with WAG/VD were hard-fought and always at arm's-length. In fact, the parties twice previously attempted, but failed, to resolve the action before ultimately finding success on the third round of negotiations. As a result of these negotiations, Interim Class Counsel achieved a sizeable monetary component, along with cooperation obligations, which Interim Class Counsel diligently and carefully negotiated to ensure the production of evidence needed to support plaintiffs' claims against 1-800 Contacts. These point in favor of finding that "the settlement negotiations in the instant case were fair, honest, and conducted at arm's length." *Rhodes*, 308 F.R.D. at 667; *see also Geiger*, 2015 WL 4523806, at *2.

Interim Class Counsel has conducted a thorough investigation, and has expended substantial time and money analyzing plaintiffs' claims, reviewing extensive document productions, and preparing for depositions. Interim Class Counsel has also retained economists and other experts. This work informed Interim Class Counsel's views on the anticompetitive nature and impact of the bidding agreements, as well as their approach for analyzing WAG/VD's liability and exposure. Based on the judgment of Interim Class Counsel and their experts, plaintiffs recommend this settlement, which provides an immediate benefit to the Settlement Class, and which will be useful in continuing to litigate this action against 1-800 Contacts. *See Rhodes*, 308 F.R.D. at 667 ("Class Counsel are experienced in consumer class actions, and weight is given to their favorable judgment as to the merits, fairness, and reasonableness of the settlement.").

While plaintiffs believe they would ultimately prevail at trial, the WAG/VD settlement creates a certainty of recovery. No matter how strongly plaintiffs feel about the merits of their case, there is a risk that a jury might accept one or more of WAG/VD's arguments and award nothing at all or that would result in a lower recovery than made possible by the $12 million payment that, if

approved, would be available under the settlement. The settlement also streamlines the case and will allow Interim Class Counsel to focus on the sole remaining defendant. Given the uncertain nature of antitrust class actions, the settlement is strategically sound, fair and reasonable. *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1138 (D. Colo. 2009) (court should examine "whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt"); *see also Ashley v. Regional Transp. Dist. and Amalgamated Transit Union Div.*, No. 05-CV-01567, 2008 WL 384579, at *6 (D. Colo. Feb. 11, 2008).

The law is clear that settlements are to be encouraged. *Aks v. Southgate Trust Co.*, No. 92-2193, 1992 U.S. Dist. LEXIS 20442, at *28-*29 (D. Kan. Dec. 24, 1992) ("The court's decision to approve the settlement should be influenced by the strong federal policy of encouraging settlement."). Considering the questions of law and fact that exist in this action as to WAG/VD, "the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; a trial, post-trial motions, and an appeal could reduce the net value of any recovery." *Rhodes*, 308 F.R.D. at 667. The benefit of the recovery here is apparent – not only does the Settlement Agreement provide for sizeable monetary relief, it also includes cooperation obligations, which courts have recognized confer valuable benefits on the class.[2] As discussed above, while the certainty of success at trial is unknown, plaintiffs and the Settlement Class can be sure that the cooperation they will receive in this action as a result of the Settlement Agreement will be useful in continuing to litigate against 1-800 Contacts.

---

[2] *See, e.g.*, *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 643 (E.D. Pa. 2003); *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1386 (D. Md. 1983) (a defendant's agreement to cooperate with plaintiffs "is an appropriate factor for a court to consider in approving a settlement"); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-MDL-2262, 2016 U.S. Dist. LEXIS 180481, at *100 (S.D.N.Y. Dec. 21, 2016) ("the intangible benefit of cooperation against the non-settling defendants" supports preliminary approval).

There should be no question that the proposed settlement is fair and reasonable and that preliminary approval is appropriate here, "where the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.'" *Motor Fuel*, 2011 WL 4431090, at *5.

### B. The Proposed Settlement Class Should Be Certified

As explained in plaintiffs' prior submissions in support of the AC Lens and Luxottica settlements (ECF Nos. 139 and 245), the proposed Settlement Class should be certified because it meets the requirements of Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure.

#### 1. The Requirements of Rule 23(a) Are Satisfied

##### a. Numerosity

The Settlement Class consists of at least several hundred thousand consumers geographically dispersed across the United States; therefore, numerosity is readily satisfied.  Jodlowski Decl., ¶4; *see In re Urethane Antitrust Litig.*, 237 F.R.D. 440, 446 (D. Kan. 2006) ("*Urethane I*") (certifying class consisting of "hundreds, if not thousands, of geographically dispersed businesses"); *see also Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977) (refusing to establish a threshold number as a prerequisite to a finding of numerosity and certifying a class of 46).

##### b. Commonality

Even though commonality only requires "'a single [common] question,'" numerous common issues of fact and law that affect all or a substantial number of Settlement Class Members on liability, impact and damages exist here. *Wal-Mart v. Dukes*, 564 U.S. 338, 359 (2011).  The nature of antitrust claims brought under §1 of the Sherman Antitrust Act has led courts to routinely find that commonality exists.  15 U.S.C. §1; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)

(predominance is "a test readily met in certain cases alleging . . . violations of the antitrust laws"); *Urethane I*, 237 F.R.D. at 446-47 (collecting cases); *In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1254 (10th Cir. 2014) ("*Urethane II*") (collecting cases).

### c. Typicality

As the Supreme Court has observed, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "Provided the claims of Named Plaintiffs and putative class members are based on the same legal or remedial theory, differing fact situations of the putative class members do not defeat typicality." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198-99 (10th Cir. 2010). "[L]ike commonality, typicality exists where . . . all [putative] class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances." *Id.* at 1199.

Plaintiffs' claims arise from the same course of conduct: defendants' agreements to not compete in certain online advertising. ECF No. 72, ¶2. The claims of the Settlement Class are all based on the same legal or remedial theory, which is that they all suffered damages by virtue of the fact that they purchased contact lenses online at prices artificially inflated due to the advertising agreements. By virtue of the antitrust allegations in this action, "[P]laintiffs' claims are typical of those of the [Settlement] class because the claims all depend on proof of the antitrust violation by the defendants, not on the [P]laintiffs' individual positions." *Urethane I*, 237 F.R.D. at 447.

### d. Adequacy

Adequacy is satisfied under Rule 23(a)(4) if the class representatives do not have interests that are antagonistic to those of the class and their chosen counsel is qualified, experienced, and able to conduct the litigation. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88

(10th Cir. 2002). Only "fundamental" conflicts that "go to the specific issues in controversy" prevent certification. *Ogden v. Figgins*, 315 F.R.D. 670, 675 (D. Kan. 2016). Plaintiffs satisfy the adequacy requirement of Rule 23(a)(4) here because: (i) there are no conflicts of interest between plaintiffs and the Settlement Class as a whole; and (ii) the attorneys prosecuting this case are exceptionally qualified to litigate this matter. Plaintiffs are each adequate representatives of the Settlement Class and should be appointed as class representatives for settlement purposes. Plaintiffs and members of the Class share the same interest in maximizing their recovery, as they all purchased contact lenses during the Settlement Class Period at artificially inflated prices. Jodlowski Decl., ¶4. Thus, plaintiffs' interest in proving liability and damages is entirely aligned with that of the Settlement Class. Indeed, they have now obtained a substantial monetary payment and cooperation from six of the seven defendants.

### 2. The Requirements of Rule 23(b) Are Satisfied

Once it is determined that the proposed class satisfies Rule 23(a), a class should be certified under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. "It is not necessary that all of the elements of the claim entail questions of fact and law that are common to the class, nor that the answers to those common questions be dispositive." *CGC Holding Co., LLC v. Broad and Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014).

Here, proof of the existence of the unlawful agreements, and their terms and participants, will

consist of class-wide, common evidence that will necessarily focus on defendants' conduct, and not the conduct of individual class members.  In addition, predominance is demonstrated, as in this case, where the impact of the asserted antitrust violation, as well as the damages arising out of the misconduct, can be shown on a class-wide basis.  *Urethane II*, 768 F.3d at 1254-56.  The heart of plaintiffs' allegations is that defendants violated the antitrust laws, and "[p]redominance is a test readily met in certain cases alleging . . . violations of the antitrust laws." *Amchem Prods.*, 521 U.S. at 625; *In re Crocs, Inc. Sec. Litig.*, No. 07-CV-02351, 2013 U.S. Dist. LEXIS 122593, at *35-*36 (D. Colo. Aug. 28, 2013) ("While predominance may be difficult to demonstrate in mass tort cases in which the 'individual stakes are high and disparities among class members great,' it is a 'test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws.'").  Finally, as numerous courts have held, a class action is a superior method of adjudicating claims in cases like this one.  *Urethane I*, 237 F.R.D. at 453.  Courts routinely certify classes in antitrust cases.  *Id*. at 446-47 (collecting cases).

### V.     CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court enter the Preliminary Approval Order, granting Plaintiffs' Motion for Preliminary Approval of Settlement Agreement with WAG/VD and certifying the Settlement Class.

DATED:  September 27, 2019            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL (Admitted *Pro Hac Vice*)
BRIAN O. O'MARA
STEVEN M. JODLOWSKI (Admitted *Pro Hac Vice*)

                       s/ David W. Mitchell
             DAVID W. MITCHELL

- 10 -

                                              655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Counsel for Plaintiffs and
Interim Lead Counsel for the Putative Class

DATED: September 27, 2019        BOIES SCHILLER FLEXNER LLP
SCOTT E. GANT (Admitted *Pro Hac Vice*)
MELISSA F. ZAPPALA (Admitted *Pro Hac Vice*)

                                                    s/ Scott E. Gant
                                                  SCOTT E. GANT
*[Signed by Filing Attorney with Permission]*

1401 New York Ave., NW
Washington, DC 20005
Telephone: 202/237-2727
202/237-6131 (fax)

BOIES SCHILLER FLEXNER LLP
CARL GOLDFARB (Admitted *Pro Hac Vice*)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: 954/356-0011
954/356-0022 (fax)

Counsel for Plaintiffs and
Interim Lead Counsel for the Putative Class

ANDERSON & KARRENBERG
HEATHER M. SNEDDON
JARED SCOTT
50 West Broadway, Suite 700
Salt Lake City, UT 84101
Telephone: 801/534-1700
801/364-7697 (fax)

Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 27, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the e mail addresses on the attached Electronic Mail Notice List.

     s/ David W. Mitchell
    DAVID W. MITCHELL

    ROBBINS GELLER RUDMAN
      & DOWD LLP
    655 West Broadway, Suite 1900
    San Diego, CA  92101-8498
    Telephone:  619/231-1058
    619/231-7423 (fax)

    E-mail:  DavidM@rgrdlaw.com

# Mailing Information for a Case 2:16-cv-01183-TC-DBP Thompson et al v. 1-800 Contacts, Inc. et al

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey C. Bank**
  jbank@wsgr.com,ageritano@wsgr.com,lalmeida@wsgr.com

- **Steven H. Bergman**
  steven-bergman@rbmn.com,ladonna-whelchel@rbmn.com,info@bergmanesq.com

- **Mark M. Bettilyon**
  mark.bettilyon@tnw.com,aliya.khan@tnw.com,litigation@tnw.com,Kaelynn.Moultrie@tnw.com

- **Dorn Bishop**
  db@markhamlawfirm.com,kim@dornbishoplaw.com

- **Alycia N. Broz**
  anbroz@vorys.com

- **Robert S. Clark**
  rclark@parrbrown.com,calendar@parrbrown.com,afoutz@parrbrown.com

- **Justin A. Cohen**
  jcohen@wsgr.com

- **Jerry R. DeSiderato**
  jdesiderato@dilworthlaw.com,vmckeage@dilworthlaw.com

- **Tyler Anne Dever**
  tyler-dever@rbmn.com,ladonna-whelchel@rbmn.com

- **Jason Eliaser**
  je@markhamlawfirm.com

- **Stephen Fishbein**
  sfishbein@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Scott E. Gant**
  sgant@bsfllp.com

- **Carl E. Goldfarb**
  cgoldfarb@bsfllp.com,lambersley@bsfllp.com,mcalvin@bsfllp.com,hgreen@bsfllp.com

- **Richard M. Golomb**
  rgolomb@golombhonik.com,emalloy@golombhonik.COm

- **Kenneth J. Grunfeld**
  kgrunfeld@golombhonik.com,emalloy@golombhonik.COm

- **Brent O. Hatch**
  bhatch@hjdlaw.com,brenthatch@gmail.com,administrator@hjdlaw.com

- **Mike Houchin**
  mike@consumersadvocates.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com,akelly@rgrdlaw.com,e_file_sd@rgrdlaw.com,LBrowne@rgrdlaw.com

- **Patrick E. Johnson**
  pjohnson@cohnekinghorn.com,jdannenmueller@cohnekinghorn.com

- **Theodore E. Kanell**
  tkanell@pckutah.com,mstones@pckutah.com

- **Jason M. Kerr**
  jasonkerr@ppktrial.com,elphelps@ppktrial.com,johnsnow@ppktrial.com,steven.garff@ppktrial.com,angelajohnson@ppktrial.com

- **William A. Markham**
  wm@markhamlawfirm.com,la@markhamlawfirm.com,aa@markhamlawfirm.com

- **Ronald Marron**
  ron.marron@gmail.com,ecf@consumersadvocates.com

- **David W. Mitchell**
  davidm@rgrdlaw.com,ckopko@rgrdlaw.com

- **Rachel Elizabeth Mossman**
  rachel.mossman@shearman.com,managing-attorney-5081@ecf.pacerpro.com,courtalert@shearman.com,manattyoffice@shearman.com

- **Paul T. Moxley**
  pmoxley@cohnekinghorn.com,msine@cohnekinghorn.com,mcerutti@cohnekinghorn.com

- **Kara M. Mundy**
  kmmundy@vorys.com

- **Sara M. Nielson**
  snielson@parrbrown.com,acoats@parrbrown.com,calendar@parrbrown.com

- **Chul Pak**
  cpak@wsgr.com,ageritano@wsgr.com

- **Rebecca A. Peterson**
  rapeterson@locklaw.com,bgilles@locklaw.com

- **Kenneth J. Rubin**
  kjrubin@vorys.com

- **Jared D. Scott**
  jscott@aklawfirm.com,krubino@aklawfirm.com

- **Robert K. Shelquist**
  rkshelquist@locklaw.com,kjleroy@locklaw.com,bgilles@locklaw.com

- **Ryan A. Shores**
  ryan.shores@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,gloria.jenkins@shearman.com,manattyoffice@shearman.com

- **Timothy J. Slattery**
  timothy.slattery@shearman.com,managing-attorney-5081@ecf.pacerpro.com,Rachel.Mossman@Shearman.com,CourtAlert@Shearman.com,Brian.Hauser@Shearman.com,manattyoffice@shearman.com

- **Heather M. Sneddon**
  hsneddon@aklawfirm.com,krubino@aklawfirm.com

- **David J. Stanoch**
  dstanoch@golombhonik.com,emalloy@golombhonik.com

- **Todd M. Stenerson**
  todd.stenerson@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,manattyoffice@shearman.com

- **Samuel C. Straight**
  sstraight@rqn.com,bsears@rqn.com,docket@rqn.com

- **Lara A. Swensen**
  lswensen@hjdlaw.com,administrator@hjdlaw.com

- **Melissa Felder Zappala**
  mzappala@bsfllp.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

**Comma delimited list of email addresses that may be used for copying and pasting into your own email program:**

jbank@wsgr.com,ageritano@wsgr.com,lalmeida@wsgr.com,steven-bergman@rbmn.com,
ladonna-whelchel@rbmn.com,info@bergmanesq.com,mark.bettilyon@tnw.com,aliya.khan@tnw.com,
litigation@tnw.com,Kaelynn.Moultrie@tnw.com,db@markhamlawfirm.com,kim@dornbishoplaw.com,
anbroz@vorys.com,rclark@parrbrown.com,calendar@parrbrown.com,afoutz@parrbrown.com,
jcohen@wsgr.com,jdesiderato@dilworthlaw.com,vmckeage@dilworthlaw.com,tyler-dever@rbmn.com,
je@markhamlawfirm.com,sfishbein@shearman.com,managing-attorney-5081@ecf.pacerpro.com,CourtAlert@Shearman.com,
manattyoffice@shearman.com,sgant@bsfllp.com,cgoldfarb@bsfllp.com,lambersley@bsfllp.com,
mcalvin@bsfllp.com,hgreen@bsfllp.com,rgolomb@golombhonik.com,emalloy@golombhonik.COm,
kgrunfeld@golombhonik.com,bhatch@hjdlaw.com,brenthatch@gmail.com,administrator@hjdlaw.com,
mike@consumersadvocates.com,sjodlowski@rgrdlaw.com,akelly@rgrdlaw.com,e_file_sd@rgrdlaw.com,

LBrowne@rgrdlaw.com,pjohnson@cohnekinghorn.com,jdannenmueller@cohnekinghorn.com,tkanell@pckutah.com, mstones@pckutah.com,jasonkerr@ppktrial.com,elphelps@ppktrial.com,johnsnow@ppktrial.com, steven.garff@ppktrial.com,angelajohnson@ppktrial.com,wm@markhamlawfirm.com,la@markhamlawfirm.com, aa@markhamlawfirm.com,ron.marron@gmail.com,ecf@consumersadvocates.com,davidm@rgrdlaw.com, ckopko@rgrdlaw.com,rachel.mossman@shearman.com,courtalert@shearman.com,pmoxley@cohnekinghorn.com, msine@cohnekinghorn.com,mcerutti@cohnekinghorn.com,kmmundy@vorys.com,snielson@parrbrown.com, acoats@parrbrown.com,cpak@wsgr.com,rapeterson@locklaw.com,bgilles@locklaw.com, kjrubin@vorys.com,jscott@aklawfirm.com,krubino@aklawfirm.com,rkshelquist@locklaw.com, kjleroy@locklaw.com,ryan.shores@shearman.com,gloria.jenkins@shearman.com,timothy.slattery@shearman.com, Rachel.Mossman@Shearman.com,Brian.Hauser@Shearman.com,hsneddon@aklawfirm.com,dstanoch@golombhonik.com, emalloy@golombhonik.com,todd.stenerson@shearman.com,sstraight@rqn.com,bsears@rqn.com, docket@rqn.com,lswensen@hjdlaw.com,mzappala@bsfllp.com

(Too many email addresses to create a "mailto" link - more than 1500 characters.)