ANDERSON & KARRENBERG
HEATHER M. SNEDDON
JARED SCOTT
50 West Broadway, Suite 700
Salt Lake City, UT  84101
Telephone:  801/534-1700
801/364-7697 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL
BRIAN O'MARA
STEVEN M. JODLOWSKI
ASHLEY M. KELLY
655 West Broadway, Suite 1900
Telephone:  619/231-1058
619/231-7423 (fax)
San Diego, CA  92101

BOIES SCHILLER FLEXNER LLP
SCOTT E. GANT
MELISSA F. ZAPPALA
1401 New York Ave., NW
Washington, DC  20005
Telephone:  202/237-2727
202/237-6131 (fax)
  – and –
CARL GOLDFARB
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Telephone:  954/356-0011
954/356-0022 (fax)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                               Plaintiffs,<br><br>     vs.<br><br>1-800 CONTACTS, INC., et al.,<br><br>                               Defendants. | No. 2:16-cv-01183<br><br><u>CLASS ACTION</u><br><br>Honorable Judge Tena Campbell<br>Honorable Magistrate Judge Dustin B. Pead<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH REMAINING DEFENDANT 1-800 CONTACTS, INC., CONDITIONALLY CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PROGRAM AND PRELIMINARILY APPROVING PLAN OF DISTRIBUTION |

WHEREAS, an action is pending before this Court styled *Thompson v. 1-800 Contacts, Inc.*, No. 2:16-cv-01183 (D. Utah) (the "Action");

WHEREAS, the Court previously entered orders granting preliminary approval to the terms of the Proposed Settlements with Defendants National Vision, Inc.; Arlington Contact Lens Service, Inc.; Luxottica of America Inc. (f/k/a Luxottica Retail North America Inc.); Vision Direct, Inc.; Walgreens Boots Alliance, Inc.; and Walgreen Co. (*see* ECF Nos. 150, 248, 273), certifying Settlement Classes, appointing Co-Lead Class Counsel, and appointing class representatives (the "Previously Approved Settlements");

WHEREAS, on May 8, 2020, in full and final settlement of the claims asserted against it in this Action, Defendant 1-800 Contacts, Inc. ("1-800") entered into a Stipulation of Settlement (the "1-800 Settlement" or "1-800 Settlement Agreement") pursuant to which it has agreed to pay $15,100,000.00 (the "Settlement Amount");

WHEREAS, Plaintiffs have submitted an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the 1-800 Settlement Agreement, which sets forth the terms and conditions of the settlement with 1-800 and for dismissal of the Action against 1-800; (ii) certifying the 1-800 Settlement Class (as defined below) solely for settlement purposes; (iii) appointing Robbins Geller Rudman & Dowd LLP and Boies Schiller Flexner LLP ("Interim Class Counsel") as Co-Lead Class Counsel for the 1-800 Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure; (iv) appointing Plaintiffs Iysha Abed, Daniel J. Bartolucci, William P. Duncanson, Leia Pinto, Tyler Nance, Jill Schulson, J Thompson, and Edward Ungvarsky ("Plaintiffs") as class representatives of the 1-800 Settlement Class; (v) approving a program for providing notice to members of the classes in the Previously Approved

- 1 -

Settlements and the 1-800 Settlement; and (vi) preliminarily approving Plaintiffs' plan to distribute the proceeds from those settlements.

WHEREAS, the Court has read and considered Plaintiffs' Motion for Order Preliminarily Approving Settlement With Remaining Defendant 1-800 Contacts, Inc., Conditionally Certifying Settlement Class, Approving Notice Program and Preliminarily Approving Plan of Distribution as well as any responses thereto, and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All capitalized terms in this Order shall have the same meanings as set forth in the Proposed Agreements, unless otherwise defined herein.

### Preliminary Approval of 1-800 Settlement Agreement

2. Upon review of the record, the Court finds that the 1-800 Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. The Court hereby preliminarily approves the 1-800 Settlement Agreement, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the settlement encompassed by the 1-800 Settlement Agreement raises no obvious reasons to doubt its fairness and provides a reasonable basis for presuming that the 1-800 Settlement Agreement satisfies the requirements of Rule 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the 1-800 Settlement Agreement should be given.

### Preliminary Certification of 1-800 Settlement Class

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, a 1-800 Settlement Class defined as follows:

> [A]ll persons in the United States who do not timely exclude himself, herself, or themselves and who made at least one online purchase of contact lenses from 1-800 from January 1, 2004 to September 12, 2019 or any of the following entities during the specified time period: (i) Vision Direct, Inc. ("Vision Direct"), Walgreens Boots Alliance, Inc., Walgreen Co. ("Walgreens," collectively with Vision Direct referred to as "WAG/VD") from January 1, 2004 to September 12, 2019; (ii) Arlington Contact Lens Service, Inc. or National Vision Inc. (collectively, "AC Lens/NVI") from March 10, 2010 to September 19, 2017; or (iii) Luxottica of America, Inc. (f/k/a Luxottica Retail North America, Inc.) ("Luxottica") from December 23, 2013 to July 5, 2019.  Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged Agreement Counterparties, governmental entities and instrumentalities of government, states and their subdivisions, agencies and instrumentalities.

Collectively, the 1-800 Settlement Class and the settlement classes in the Previously Approved Settlements are herein referred to as the "Settlement Classes."

4. Solely for purposes of the 1-800 Settlement, the Court preliminarily finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows: (a) the members of the 1-800 Settlement Class are so numerous that joinder of all members of the 1-800 Settlement Class is impracticable; (b) there are questions of law and fact common to the 1-800 Settlement Class, and these common questions predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the 1-800 Settlement Class; (d) Plaintiffs and Interim Class Counsel have fairly and adequately represented and protected the interests of the 1-800 Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the factors listed in Rule 23(b)(3).

5. If the Effective Date does not occur with respect to the 1-800 Settlement Agreement because of the failure of a condition that affects the 1-800 Settlement Agreement, this preliminary certification of the 1-800 Settlement Class shall be deemed null and void without the need for further

- 3 -

action by the Court or any of the Settling Parties. In such circumstances, each of the Settling Parties shall retain their rights to seek or to object to certification of this Action as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

6.     1-800 shall provide notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b).

7.     The Court approves Plaintiffs' designation of Robbins Geller Rudman & Dowd LLP as Escrow Agent. Absent further order of the Court, Robbins Geller Rudman & Dowd LLP shall have such duties and responsibilities in such capacity as set forth in the 1-800 Settlement Agreement.

8.     The Court approves the establishment of an Escrow Account under the 1-800 Settlement Agreement as a Qualified Settlement Fund ("QSF") pursuant to Internal Revenue Code §468B, 26 U.S.C. §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSF. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the 1-800 Settlement Agreement and further order(s) of the Court.

9.     In the event that the 1-800 Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the parties to the 1-800 Settlement Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all

respects as if the 1-800 Settlement Agreement and any related orders had not been entered, and the 1-800 Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any of the Settling Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of the 1-800 Settlement Agreement, ¶¶5.1, 9.3, and 10.5 of the 1-800 Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Any portion of the 1-800 Settlement Amount previously deposited into the Escrow Account by 1-800 shall be returned to 1-800 within thirty (30) days after written notification of such event is sent by counsel for 1-800 or Co-Lead Class Counsel to the Escrow Agent, except for up to $100,000 of sums actually paid from the Settlement Fund for the reasonable costs of Notice.

10. 1-800 has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action.  As such, neither the 1-800 Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with the 1-800 Settlement Agreement shall be construed to constitute a presumption, concession or admission by 1-800 of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

11. All 1-800 Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the settlement set forth in the 1-800 Settlement Agreement, whether favorable or unfavorable to the 1-800 Settlement Class.

12. Any member of the 1-800 Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  Any member of the 1-800 Settlement Class who does not enter an appearance will be represented by Co-Lead Class Counsel.

13. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Interim Class Counsel are preliminarily appointed, solely for settlement purposes, as Co-Lead Class Counsel for the 1-800 Settlement Class.

14. Plaintiffs Iysha Abed, Daniel J. Bartolucci, William P. Duncanson, Leia Pinto, Tyler Nance, Jill Schulson, J Thompson, and Edward Ungvarsky are preliminarily appointed, solely for settlement purposes, as class representatives for the 1-800 Settlement Class.

### The Notice Plan

15. On May 15, 2020, Plaintiffs filed proposed notices, which include: (1) a long form notice; (2) a short form or summary notice; and (3) a publication notice (collectively, "Notices"). Plaintiffs also filed a proposed Claim Form. These Notices are for settlement with 1-800 and also for the Previously Approved Settlements.

16. The Court approves, as to form and content, the Notices and Claim Form, substantially in the forms attached to Plaintiffs' Motion for Order Preliminarily Approving Settlement With Remaining Defendant 1-800 Contacts, Inc., Conditionally Certifying Settlement Class, Approving Notice Program and Preliminarily Approving Plan Of Distribution, as Exhibits 1-4.

17. The Court finds that the proposed plan for emailing and distributing notice in the manner substantially set forth below would meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

18. As of **[INSERT DATE]**, the date set forth in the Motion for the "Notice Date," the Settlement Administrator (CPT Group, Inc.) shall cause a copy of the short form or summary notice

to be e-mailed to members of the Settlement Classes whose e-mail addresses are available in the transactional data produced by Defendants in this Action.

19. As of the Notice Date, Co-Lead Class Counsel shall establish, update, and continue to maintain a dedicated settlement website from which members of the Settlement Classes can view and download relevant documents, including the Proposed Agreements, the Notices, the Claim Form, the Amended Complaint, and other important pleadings and orders.

20. As of the Notice Date, the Settlement Administrator shall cause banner notices to be placed online via display advertisements and social media. After the issuance of this Order, Co-Lead Class Counsel is authorized to broaden this notice plan in consultation with the Settlement Administrator without further order of the Court.

### Submitting Claims, Opting Out, or Objecting

21. Members of the Settlement Classes who wish to participate in the Proposed Settlements must timely complete and submit valid Claim Forms for the Proposed Settlements, in accordance with the instructions contained therein. All Claim Forms shall include an acknowledgement of, and agreement to, the release of all Released Claims against all Releasees and shall be verified under penalty of perjury by an authorized Person.

22. Any member of the Settlement Classes who does not submit a valid Claim Form for the Proposed Settlements shall not be permitted to receive any distribution from the Settlement Fund relating to the Proposed Settlements, and will in any event be barred from bringing any action against the Releasees concerning the Released Claims.

23. Unless the Court orders otherwise, all Claim Forms must be submitted by **[INSERT DEADLINE]**, 45 days after the Fairness Hearing. Notwithstanding the forgoing, Co-Lead Class

Counsel shall have the discretion, but not the obligation, to accept late-submitted Claim Forms for processing by the Settlement Administrator, so long as distribution of the proceeds of the Settlement Fund is not materially delayed. Co-Lead Class Counsel shall have no liability for declining to accept any late-submitted Claim Forms.

24. All members of the Settlement Classes whose claims are not Allowed shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of the Proposed Agreements, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for in the Proposed Agreements, and will be barred from bringing any action against the Releasees concerning the Released Claims.

25. Any Person seeking exclusion from the Settlement Classes must submit a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth herein. Any Person who submits such a request shall be excluded from the Settlement Classes, shall have no rights with respect to the Proposed Settlements, and shall receive no payment from the sums provided for as part of the Proposed Settlements. A Request for Exclusion must be: (a) in writing; (b) signed by the Person or his, her, or its authorized representative; (c) state, at a minimum, the name, address, and phone number of that Person; (d) include proof of membership in the Settlement Class(es); (e) identify the claim number printed on Claim Form(s) (if any) that Person received; and (f) include a signed statement stating substantially that "I/we hereby request that I/we be excluded from the Settlement Classes in the *Thompson v. 1-800 Contacts, Inc.* litigation." To be valid, the Request for Exclusion must be mailed to the Settlement Administrator at: **[INSERT ADDRESS]** and postmarked by **[INSERT DATE]**, no more than 75 days after the Notice Date. A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper

signature, that is sent to an address other than the one designated herein, or that is not sent within the time specified, shall be invalid, and the Person(s) submitting such an invalid request shall be a member of the Settlement Classes and shall be bound by the Proposed Settlements set forth in the Proposed Agreements or, if approved, any Final Judgments and Orders of Dismissal approving the same.

26. Within 10 days of the deadline for the filing of Requests for Exclusion, Co-Lead Class Counsel shall, to the extent feasible, inform counsel for the Defendants of: (a) the amount (in U.S. dollars) of the contact lens purchases during the Settlement Class Periods of each member of the Settlement Classes requesting exclusion; and (b) the amount (in U.S. dollars) of contact lens purchases during the Settlement Class Periods by all members of the Settlement Classes. In calculating these amounts, Co-Lead Class Counsel shall use all the data available to them (as produced by Defendants or from any other source).

27. Any member of the Settlement Classes who has not requested exclusion from the Settlement Classes and who objects to the Proposed Settlements, the Plan of Distribution for the Proposed Settlements, or the Fee and Expense Application or the proposed Service Awards related to the Proposed Settlements, may appear in person or through counsel, at his, her, or its own expense, at the Proposed Settlements' Fairness Hearing to present any evidence or argument that the Court deems proper and relevant. However, no such member of the Settlement Classes shall be heard, and no papers, briefs, pleadings, or other documents filed by any such member of the Settlement Classes shall be considered by the Court, unless such member of the Settlement Classes properly files and serves a written objection that includes: (a) whether the member of the Settlement Classes intends to appear at the Fairness Hearing in person or through counsel (though an appearance is not necessary for the Court to consider the objection); (b) proof of membership in the Settlement Class(es); and

(c) the specific grounds for the objection and any reasons why such member of the Settlement Classes desires to appear and be heard, as well as all documents or writings that such member of the Settlement Classes desires the Court to consider.  Such a written objection must be filed with the Court by **[INSERT DATE]**, or 75 days after the Notice Date.  Any member of the Settlement Classes who fails to timely object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

### Disclosure and Protection of Class Member Information

28.     The Court finds that there is good cause and a compelling need for the disclosure of the names and e-mail and U.S. mail addresses of the Settlement Class Members for each Settlement Class (the "Class Lists") to the Settlement Administrator for purposes of providing notice of the Settlement and administration of the Settlement, and for the adjudication of the case, and there is not an alternative to implementing the Settlements that would involve the disclosure of more limited information to the Settlement Administrator.  Accordingly, it is hereby ordered that 1-800 Contacts, Inc., within ten days after the Settlement Administrator executes and agrees (i) to be bound by the Protective Order that has been entered in this case and (ii) to sign and act in accordance with 1-800 Contacts, Inc.'s HIPAA Business Associate Agreement, shall cause the 1-800 Class List to be delivered to the Settlement Administrator, pursuant to this Order.

29.     The Settlement Administrator must (a) designate specifically-assigned employees to handle its administration of the Settlement; (b) train them concerning their legal duties and obligations arising out of the Settlement; (c) ensure that all of the information it receives is used properly in accordance with the Health Insurance Portability and Accountability Act of 1996

("HIPAA") and all other applicable federal, state and local laws and used solely for the purpose of administering the Settlement; and (d) ensure that an orderly system of data management and maintenance is adopted and implemented, and that the information is retained under responsible custody until the conclusion of this litigation, at which time all of the information shall be destroyed by the Settlement Administrator with a written certification thereof to be filed with the Court. The Settlement Administrator will keep the database in a form that grants access for settlement administration use only, and shall restrict access rights to the least possible number of employees of the Settlement Administrator who are working directly on the administration of the Settlement. The Settlement Administrator shall promptly notify the Court, Class Counsel, Counsel for 1-800 Contacts, Inc., in writing if there is any unauthorized access to or disclosure of the 1-800 Class List.

30. Further, the Settlement Administrator agrees that any and all personal and health information pertaining to a Class Member of any of the Settlements provided in order to effectuate any of the Settlements in accordance with this Section of this Order shall be treated as Confidential – Attorneys-Eyes Only under the Protective Order governing the disclosure of confidential materials in this action.

31. Pursuant to 42 C.F.R. §164.512(e)(1)(v) and all other applicable federal and state privacy laws, the Settlement Administrator is (a) prohibited from using or disclosing any of the Class Lists for any purpose other than to carry out its duties set forth in the Settlement Agreements; and (b) required to return or destroy all the Class Lists upon the conclusion of carrying out its duties as set forth in the Settlement Agreements.

32. Settlement Administrator agrees to comply with all applicable laws that relate to the notification of individuals in the event of unauthorized access to and/or disclosure of personally

identifiable information or other event requiring notification ("Notification Event"). In the event of a breach of any of Settlement Administrator's security obligations, other event experienced by Settlement Administrator involving unauthorized access to or disclosure of personally identifiable information, or Notification Event related to data provided by 1-800 Contacts, Settlement Administrator agrees to (i) notify 1-800 Contacts, Inc. by telephone and e-mail of such an event within twenty-four (24) hours of discovery, and (ii) assume responsibility for identifying all such individuals and reimburse 1-800 Contacts and its affiliates for any fees associated with informing all such individuals as determined by 1-800 Contacts within its reasonable discretion, and (iii) indemnify, hold harmless and defend 1-800 Contacts and its affiliates from and against any claims, damages, or other harm related to such Notification Event or unauthorized access or disclosure.

33. Settlement Administrator agrees at all times to maintain network security that – at a minimum – conforms to a) generally recognized industry standards and best practices and b) all applicable data security and privacy laws. With respect to this agreement, network security includes, without limitation, limiting access to information to authenticated authorized users, proper handling and disposal of information, controls over visitor activity, monitoring of organizational communications, the timely identification and correction of system flaws, malicious code protection, and periodic audits.

34. Settlement Administrator agrees that the Class Lists will be stored, processed, and maintained solely on designated target servers and that the Class Lists will not be processed at any time on or transferred to any portable or laptop computing device or any portable storage medium,

unless that device or storage medium is in use as part of Settlement Administrator's designated backup and recovery processes and encrypted.

35. Settlement Administrator agrees that any and all electronic transmission or exchange of system, Client Lists, and application data shall take place via secure means meeting or exceeding approved encryption communication protocols, and shall comply with any and all applicable laws relating to electronic communication.

36. In delivering the 1-800 Class List to the Settlement Administrator, 1-800 Contacts, Inc. shall comply with the federal HIPAA and all other applicable federal and state privacy laws.

### The Distribution Plan

37. The Court hereby preliminarily approves the Plan of Distribution ("Plan") proposed by Plaintiffs. *See* Plaintiffs' Motion for Order Preliminarily Approving Settlement With Remaining Defendant 1-800 Contacts, Inc., Conditionally Certifying Settlement Class, Approving Notice Program and Preliminarily Approving Plan of Distribution, Ex. 5. Any and all distributions of funds to eligible members of the Settlement Classes shall be made pursuant to the Plan, as approved by the Court, to those members of the Settlement Classes whose claim has been Allowed for payment by the Settlement Administrator or Court.

### The Fairness Hearing

38. All papers in support of final approval of the Proposed Settlements and the Fee and Expense Application related to the Proposed Settlements shall be filed by **[INSERT DATE]**, 45 days after the Notice Date, and any reply papers (which may include a response to objections, if any) shall be filed by **[INSERT DATE]**, 7 days after the objection deadline. Concurrent with the motion for final approval of the Proposed Settlements, and with any subsequent updates as necessary, Co-

Lead Class Counsel shall file or cause to be filed a sworn statement attesting to the compliance with the paragraphs in this Order governing the provision of notice.

39. A hearing (the "Fairness Hearing") shall be held before the Court on **[INSERT DATE]**, at **[TIME]** in the United States District Court, for the District of Utah, Central Division, United States Courthouse, 351 S. West Temple, Courtroom 3.400, Salt Lake City, Utah 84101, to determine: (a) whether the Proposed Settlements on the terms and conditions provided for in the Proposed Agreements are fair, reasonable, and adequate to the Settlement Classes and should be approved by the Court; (b) whether a Final Judgment and Order of Dismissal should be entered; (c) whether further use of the Plan in connection with the Proposed Settlements should be approved; (d) whether Co-Lead Class Counsel's Fee and Expense Application and proposed Service Awards should be granted; and (e) such other matters as the Court may deem appropriate. The Court shall consider the further application of the Plan in connection with the Proposed Settlements, and the Fee and Expense Application, separately from the fairness, reasonableness, and adequacy of the Proposed Settlements, and any decisions by the Court concerning the further application of those other requests shall not affect the validity or finality of the Proposed Settlements.

40. The Court reserves the right to adjourn the date of the Fairness Hearing, or to hold the hearing telephonically, without further notice to the Settlement Classes. The Court retains jurisdiction to consider all further applications arising out of or connected with the Proposed Settlements. To the extent practicable, Co-Lead Class Counsel shall cause the Settlement Administrator to promptly cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published on the settlement website. The Court may approve the

- 15 -

Proposed Settlements or the further application of the Plan, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

    IT IS SO ORDERED.

DATED: _____       _____
                                                                                  THE HONORABLE TENA CAMPBELL
                                                                                   UNITED STATES DISTRICT JUDGE