ANDERSON & KARRENBERG
HEATHER M. SNEDDON
JARED SCOTT
50 West Broadway, Suite 700
Salt Lake City, UT 84101
Telephone: 801/534-1700
801/364-7697 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
DAVID W. MITCHELL
BRIAN O'MARA
STEVEN M. JODLOWSKI
ASHLEY M. KELLY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

BOIES SCHILLER FLEXNER LLP
SCOTT E. GANT
1401 New York Ave., NW
Washington, DC 20005
Telephone: 202/237-2727
202/237-6131 (fax)
  – and –
CARL GOLDFARB
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: 954/356-0011
954/356-0022 (fax)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J THOMPSON, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> 1-800 CONTACTS, INC., et al., <br><br> Defendants. | No. 2:16-cv-01183 <br><br> <u>CLASS ACTION</u> <br><br> Honorable Judge Tena Campbell <br><br> FINAL JUDGMENT AND ORDER OF DISMISSAL AS TO 1-800 CONTACTS, INC.; NATIONAL VISION, INC.; ARLINGTON CONTACT LENS SERVICE, INC.; LUXOTTICA OF AMERICA INC.; VISION DIRECT, INC.; WALGREENS BOOTS ALLIANCE, INC.; AND WALGREEN CO. |

This matter came before the Court pursuant to the Court's Orders Preliminarily Approving Settlements with Defendants National Vision, Inc. and Arlington Contact Lens Service, Inc.; Luxottica of America Inc.; Vision Direct, Inc., Walgreens Boots Alliance, Inc., and Walgreen Co.; and 1-800 Contacts, Inc.; and the Related Plan of Distribution, and Approving the Manner and Forms for Notice for all four settlements (ECF Nos. 150, 248, 273 and 325) (the "Preliminary Approval Orders"), and Plaintiffs' Motion for Final Approval of Class Action Settlements, Approval of the Plan of Distribution, and Final Certification of the Settlement Classes (ECF No. 329, the "Motion for Final Approval").  The terms of settlement that are the subject of this Order are contained in the Stipulation and Agreement of Settlement with National Vision, Inc. and Arlington Contact Lens Service, Inc., executed on September 19, 2017; Stipulation and Agreement of Settlement with Luxottica of America Inc., executed on July 5, 2019; Stipulation and Agreement of Settlement with Vision Direct, Inc.; Walgreens Boots Alliance, Inc.; and Walgreen Co., executed on September 12, 2019 and Stipulation and Agreement of Settlement with Defendant 1-800 Contacts, Inc., executed on May 8, 2020 (the "Settlement Agreements").  *See* ECF Nos. 139-2, 245-2, 263-2, 321-7.  The Court has considered all papers filed and proceedings held in connection with the above-captioned Action, and is fully informed of these matters.  For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreements, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreements.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Classes.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied, more than 90 days ago. No written objection or response to the Settlements has been filed by any federal or state official, including any recipient of the foregoing notices. No federal or state official, including any recipient of the foregoing notices, has appeared or requested to appear at the Fairness Hearing.

4. Based on the record before the Court, including the Preliminary Approval Orders, the submissions in support of the Settlements between Plaintiffs, for themselves individually and on behalf of each member of the Settlement Classes in the Action, and the Defendants, and any objections and responses thereto, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("Rule"), the Court hereby certifies solely for settlement purposes the following Settlement Classes:

> All persons in the United States who made at least one online purchase of contact lenses from 1-800 Contacts, Inc., Arlington Contact Lens Service, Inc., or National Vision, Inc. from March 10, 2010 through September 19, 2017, who did not timely exclude themselves from the Class. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged co-conspirators, government entities and instrumentalities of government, states and their subdivisions, agencies and instrumentalities;

> All persons in the United States who made at least one online purchase of contact lenses from 1-800 Contacts, Inc. or Luxottica of America, Inc. (f/k/a Luxottica Retail North America, Inc.) from December 23, 2013 through July 5, 2019, who did not timely exclude himself, herself, or themselves from the Class. Excluded from the Settlement Classes are Defendants, their parent companies, subsidiaries and affiliates, any alleged Advertising Agreement Counterparties, governmental entities and instrumentalities of government, states and their subdivisions, agencies and instrumentalities;

> All persons in the United States who made at least one online purchase of contact lenses from 1-800 Contacts, Inc. or Walgreen Co., Walgreens Boots Alliance, Inc., or Vision Direct, Inc. from January 1, 2004 to September 12, 2019, who did not timely exclude himself, herself, or themselves from the Class. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged

Advertising Agreement Counterparties, governmental entities and instrumentalities of government, states and their subdivisions, agencies and instrumentalities; and

All persons in the United States who did not timely exclude himself, herself, or themselves and who made at least one online purchase of contact lenses from 1-800 from January 1, 2004 to September 12, 2019 or any of the following entities during the specified time period: (i) Vision Direct, Inc. ("Vision Direct"), Walgreens Boots Alliance, Inc., Walgreen Co. ("Walgreens," collectively with Vision Direct referred to as "WAG/VD") from January 1, 2004 to September 12, 2019; (ii) Arlington Contact Lens Service, Inc. or National Vision Inc. (collectively, "AC Lens/NVI") from March 10, 2010 to September 19, 2017; or (iii) Luxottica of America, Inc. (f/k/a Luxottica Retail North America, Inc.) ("Luxottica") from December 23, 2013 to July 5, 2019. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, any alleged Agreement Counterparties, governmental entities and instrumentalities of government, states and their subdivisions, agencies and instrumentalities.

5. The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows: (i) the members of each of the Settlement Classes are so numerous that joinder of all members of the Settlement Classes in the Action is impracticable; (ii) questions of law and fact common to each of the Settlement Classes predominate over any individual questions; (iii) the claims of Plaintiffs are typical of the claims of each of the Settlement Classes; (iv) Plaintiffs and Co-Lead Class Counsel have fairly and adequately represented and protected the interests of each of the Settlement Classes; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of members of each of the Settlement Classes in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already begun by members of each of the Settlement Classes, the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and the likely difficulties in managing this Action as a class action.

6. The law firms of Robbins Geller Rudman & Dowd LLP and Boies Schiller Flexner LLP are appointed as Co-Lead Class Counsel for each of the Settlement Classes.

7. Plaintiffs Iysha Abed, Daniel J. Bartolucci, William P. Duncanson, Leia Pinto, Tyler Nance, Jill Schulson, J Thompson, and Edward Ungvarsky are appointed as class representatives for the Settlement Classes.

8. Pursuant to Rule 23(e), the Court grants final approval of each of the Settlements set forth in the Settlement Agreements on the basis that each of the settlements is fair, reasonable, and adequate as to, and in the best interests of, all members of each of the Settlement Classes, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure.  The Court concludes that:

(a) Each Settlement set forth in the respective Settlement Agreement was fairly and honestly negotiated by Co-Lead Class Counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

(b) The Action involves numerous contested and serious questions of law and fact, such that the value of an immediate monetary recovery outweighs the mere possibility of future relief after protracted and expensive litigation;

(c) Success in complex antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

(d) Plaintiffs and their counsel, based on their experience in and knowledge earned during the litigation, believe that each Settlement is fair and reasonable in light of all of the circumstances of the Action.

9.  Those who have validly and timely requested exclusion from the Settlement Classes are not members of any Settlement Class.  This Action and the claims asserted in it by Plaintiffs and members of the Settlement Classes are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreements and the orders of this Court.

10. A list of persons who have timely and validly requested exclusion from the Settlement Classes ("Opt-Outs"), according to the terms of the notice program, were filed with the Court in support of final settlement approval as Exhibit B to the October 16, 2020 Supplemental Declaration of Ani Sarich on Behalf of CPT Group, Inc. With Respect to Implementation and Adequacy of Settle Class Notice Plan.  The Opt-Outs identified therein have timely and validly requested exclusion from the Settlement Classes as to the Settlements, and are therefore excluded from the Settlement Classes for all purposes as to the Settlements, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreements.

11. Full and fair notice of members of the Settlement Classes' right to object to the Settlements and to appear at the Fairness Hearing in support of such an objection has been provided in the form and manner required by the Settlement Agreements, the Court's Preliminary Approval Orders, the requirements of due process, and any other applicable law.  No class member has objected to the motion for final approval.  One individual, Ms. Judy Bidgood, filed a letter with the Court in which she complained about not being part of the 1-800 Settlement.  However, because she has not demonstrated that she is a class member, Ms. Bidgood lacks standing to object to the settlement.  *See* Fed. R. Civ. P. 23(e)(5)(A)) ("Any class member may object to the proposal

- 6 -

[settlement] if it requires court approval under this subdivision (e)."); *Heller v. Quovadx, Inc.*, 245 F. App'x 839, 842 (10th Cir. 2007) ("Rule 23(e)(4) of the Federal Rules of Civil Procedure provides only that 'class member[s] may object to a proposed settlement.' As such, 'non-class members have no standing to object. . . .'") (quoting *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989)).

12. Upon the Effective Date: (i) Plaintiffs and each of the members of the Settlement Classes shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Releasees (whether or not such member of the Settlement Classes executes and delivers a Claim form) any and all Released Claims (including, without limitation, unknown claims); and (ii) Plaintiffs and each member of the Settlement Classes, and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, or prosecution of any of the Released Claims against any Releasees in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims against the Releasees or Defense Counsel and any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the terms of the Settlement Agreements. This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasors to pursue claims, if any, outside the scope of the Released Claims. Claims to enforce the terms of the Settlement Agreements are not released.

13. Upon the Effective Date, each of the Released Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and

forever released, relinquished, and discharged each and every one of Plaintiffs' Counsel in this matter, including Co-Lead Class Counsel, and each and all of the members of the Settlement Classes, from all claims (including, without limitation, unknown claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, Settlements, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the terms of the Settlement Agreements.

14. Upon the Effective Date, any claims against Defendants for contribution, indemnification, or similar claims from other Defendants in the Action, arising out of or related to the Released Claims, are barred in the manner and to the fullest extent permitted under the laws of any jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification, or similar claims.

15. The e-mailing and distribution of the Notice to members of each of the Settlement Classes identified in Defendants' transactional records, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 3, 2020 Preliminary Approval Order, satisfy the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

16. The Plan of Distribution submitted by Plaintiffs is approved as fair, reasonable, and adequate.

17. None of the Settlement Agreements nor the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreements or the Settlements: (a) is or may be deemed to be or may be used as admission of, or evidence of

the liability of or wrongdoing by the Settling Defendants, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as admissions of, or evidence of, any fault or omission of the Settling Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The applicable Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein.  The Settling Defendants may file the applicable Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (i) implementation of each of the Settlements set forth in the Settlement Agreements; (ii) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (iii) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and service awards; and (iv) all Settling Parties, Releasees, and Releasors for the purpose of construing, enforcing, and administering the Settlement Agreements.

19. A separate order shall be entered on Co-Lead Class Counsel's application for an award of attorneys' fees and expenses and Plaintiffs' request for service awards.  Such order shall

4842-9033-3896.v1

in no way affect or delay the finality of this Final Judgment and shall not affect or delay the Effective Date of the Settlements.

20.     In the event that a Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated as to that Settlement Agreement.  In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, paragraphs 5.1, 9.3 and 10.5 of the 1-800 Settlement Agreement (ECF No. 321-7, Ex A), paragraphs 5.1, 9.3, 10.6 and 11.3 of the WAG/VD Settlement Agreement (ECF No. 263-2), paragraphs 5.1, 9.3, 10.4 and 11.3 of the Luxottica Settlement Agreement (ECF No. 245-2), and paragraphs 5.1, 9.3, 10.3, 10.5 and 11.3 of the AC Lens/NVI Settlement Agreement (ECF No. 139-2), as applicable, shall nonetheless survive and continue to be of effect and have binding force.

21.     The Settling Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22.     The Court expressly determines there is no just reason for delay in entering this Final Judgment and the Clerk of the Court is directed to enter this Final Judgment and Order of

- 10 -

Dismissal as to all Defendants pursuant to Rule 58.

    IT IS SO ORDERED.

DATED:  October 20, 2020

                                                                                   _____
                                                                                  THE HONORABLE TENA CAMPBELL
                                                                                  UNITED STATES DISTRICT JUDGE